*(Circuit Court of Cook County. In Chancery.)*

### George W. Korn, et al.

### vs.

### Edith Sears, et al.

### Edith Sears.

### vs.

### George W. Korn, et al.

(August 5, 1897.)

1. TRUSTS—WHETHER ACTIVE OR PASSIVE. A *passive* trust exists as where land is conveyed to A in trust for B without any power to take actual possession of the land or to exercise acts of ownership over it. *Active* trusts exist where the trustee is charged with the performance of active and special duties in respect to the management of the trust property.

2. SAME—WHERE TRUSTEE HAS MANAGEMENT OF PROPERTY—STATUTE OF USES. Where trustees are empowered by will to conduct and manage an estate for the benefit of testator's wife and child, this constitutes an *active* trust, and the statute of uses does not vest the legal title in the *cestui que trustent.*

3. CONVEYANCE ACT—APPLICATION TO EQUITABLE ESTATES. Section 13 of the conveyance act which dispenses with the word "heirs" in the granting of estates, applies to both legal and equitable estates.

4. EQUITABLE ESTATES—WHAT CONSTITUTES. An equitable estate only exists where the *cestui que* use, or the beneficial owner, has a right to demand an immediate conveyance of the legal title.

---

5. EQUITABLE ESTATE—IN CASE OF ACTIVE TRUST. Where a trustee has the right to take possession and exercise active ownership over the property, the trust is an active trust, and the estate of the *cestui que trust* is not an equitable estate, because the beneficiary has no right to compel or demand the immediate transfer of the *legal* estate.

6. TRUSTS—NATURE OF BENEFICIARIES' ESTATE. A conveyance to trustees in trust for the "wife and child" of the testator is presumed to be a conveyance in fee simple in the beneficial use of the property for the maintenance and support of such beneficiaries.

7. TRUSTS—FOR SUPPORT AND MAINTENANCE OF TESTATOR'S FAMILY—HOW LONG TO CONTINUE. A conveyance to trustees for the maintenance and support of the "wife and child" of the testator will continue only so long as the child remains such. When such child arrives of age, the trust would cease. The same situation would exist where the child dies before becoming of age.

8. TRUSTS—BENEFICIARIES—JOINT OR SEVERAL. Where a trust estate is created for the benefit of a wife and child, it will be considered that it was created for their joint benefit. If therefore the trust ceases as to one beneficiary it would cease as to both.

9. SAME—NATURE OF BENEFICIARIES' ESTATE. Upon the determination of such an estate the beneficiaries would become tenants in common.

Bill for construction of will creating a trust. Cross-bill by one of the beneficiaries to declare trust provisions of will null and void. Heard on demurrer to cross-bill before Judge Murray F. Tuley.

For statement of facts see opinion.

*Franklin Denison* and *F. H. Trude,* for complainant in original bill.

*Pope & Small,* for defendants and cross complainant.

TULEY, J:—

The question arising on the cross-bill and raised by the demurrer is as to the construction of the will of Edmund B. Sears.

This will is very short and the clause in question is as follows: "Second: After the payment of such funeral expenses

and debts, I give, devise and bequeath to George W. Korn, George Sealey and Herbert B. Johnson, all of my personal property, stock and interest in my business in the Henry Sears Company, and also all my real estate, as trustees, for the use of my wife and child. Said trustees I hereby appoint to manage and conduct my estate to their best judgment, continuing or closing out my interest in the Henry Sears Company as to them seems best, also continuing my interest in the real estate or selling them out as to them seems best.''

Under this will the trustees took possession of the personal and real property and have been carrying on the business of the Henry Sears Company.

The will was made a few weeks before the death of the deceased on the 26th day of May, 1894.

The cross-bill is filed by Edith Sears, the widow, against the trustees and Paul H. Sears, the infant.

The cross complainant contends that the trust created by the will is a dry trust and not an active trust, and being a dry trust, it is immediately executed by virtue of the statute of uses.

The distinction between dry or passive trusts and active trusts is well defined in Pomeroy's Equity Jurisprudence, section 153: ''An express private passive trust exists where land is conveyed to or held by A in trust for B, without any power expressly or impliedly given to A to take the actual possession of the land, or to exercise acts of ownership over it, except by the direction of B. The naked legal title only is vested in A, while the equitable estate of the *cestui que trust* is, to all intents, the beneficial ownership, virtually equivalent in equity to the corresponding legal estate. Express private active, or, as they are sometimes called, special trusts, are those in which, either from the express directions of the written instrument declaring the trust, or from the express verbal directions, when the trust is not declared in writing, or from the very nature of the trust itself, the trustees are charged with the performance of active and substantial duties in respect to the management of and dealing with the trust property, for the benefit of the *cestuis que trustent*.'' * * *

"In this class, the interest of the trustee is not a mere naked legal title and that of the *cestui que trust* is not the real ownership of the subject matter."

It is true that in the clause of the will referred to there is no express requirement that the trustee shall take possession of the real and personal property, but it is clear that the power is impliedly given to the trustees to take possession and exercise acts of ownership over the real and personal property. The language of the will, "I appoint said trustees to manage and control," is, in my opinion, equivalent to a direct charge to the trustees to manage and control; therefore, it became an express active trust and the legal title to the real and personal property passed by the will to the trustees in trust for the wife and child. It is not a case coming within the operation of the statute of uses so as to vest the legal title in the *cestuis que trustent*.

Another point raised is that an equitable estate in fee passed to Mrs. Sears and her son and their heirs under the provision of the thirteenth section of the conveyance act, which provides: "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law."

This raises the question as to whether the statute dispensing with the word "heirs" in order to transfer an estate in fee simple, applies to equitable estates as well as legal estates. I should feel inclined to hold that it did, but the question arises, is this an equitable estate in Mrs. Sears and her son? The equitable estate exists only where the *cestui que* use, or the beneficial owner, has a right to demand an immediate conveyance of the legal title. In a passive trust, as where conveyance is made to A in trust for B, without any limitation or specification as to the duties of the trustee, or if the purposes of the trust were specified and had afterward been fulfilled, there would be a complete equitable estate in B, and he would have a right, independent of the statute of uses, to demand a

conveyance of the legal title; but where there are active duties to perform and the trustee expressly or impliedly has a right to take possession and exercise active ownership over the property or to take possession and sell the same, the trust is an active trust and the estate of the *cestui que trust* is not an equitable estate, because the *cestui que* use or beneficiary has no right to compel or demand the immediate transfer of the legal estate.

He has a right to compel the performance of the trust while it lasts, according to its terms and intent, but has no right to a conveyance of the legal title. Therefore, while he has an equitable right or interest in the property, a right to the beneficial use of the property, he has no complete equitable estate in the property.

The question, underlying this will, as it does all others, is to ascertain the intent of the testator. It will be noticed that the wife and child are not named except as "my wife and child." The testator evidently referred to them as constituting his family and it was clearly his intent that the trustee should control his property, real and personal, for the use and benefit of his family; he had in view their support and maintenance. No presumption can arise that he intended this trust to continue for all time to come for the benefit of his wife and child and their heirs. If such a construction could be placed upon the will, it would be obnoxious to the rule against perpetuities, for such an equitable interest or estate can no more be made the subject of a perpetual trust than can a legal estate be made the subject of a trust in perpetuity.

There can be no question that he does not limit the beneficial estate given to his wife and child by express words, nor does he employ any language from which a less estate than the fee simple would be implied. There is no limitation for life, there is no direction to the trustees as to what is to be done with the property after the death of his wife and child, nor is there any direction that only the income shall be appropriated to the support or to the use of the wife and child.

If he had intended that they should have less than a fee simple in the beneficial use of this property, it is fair to presume that he would have so declared his intention.

The word "use" must be construed in its broadest sense, and that is that all the beneficial use of the property during the existence of the trust, and that the property itself was to belong to the wife and child in fee simple, after the purposes and objects of the trusts had been carried out. If he intended, as I have held he did, that the trustee should manage this property and devote it to the support and maintenance of his wife and child, the presumption of law will arise that he intended the trust to continue only so long as the child remained a child; also that one reason for the making of the trust was, that the child, being an infant, was unable to manage his own property. When the child arrives of age, and ceases to be a child in the eye of the law, in my opinion, the trust would cease, for the trust was for the benefit of the wife and child jointly, and not separately. It was for their joint benefit, as his remaining family, and when it ceases as to one it would cease as to both of the beneficiaries. If the child died before coming of age, it would cease; on the child becoming of age it would cease, both as to the widow and the child, and *eo instanti,* the child becoming of age, it would become a dry or passive trust, and would vest, by virtue of the statute of uses, the legal title in the mother and the child.

In the case of *Dean v. Long,* 122 Ill. 447, there was a trust, for a married woman and her children, without other words as to the nature of the trust or the duties of the trustees. In that case the court held that the wife did not take a life estate with remainder over to her children, but that there was a joint estate in her and her children, which would open up and let in subsequently born children.

Upon the trust ceasing, the wife and child both living, under the decisions referred to, would take the estate in joint tenancy, but under our statute of 1874, doing away with joint tenancy, they would become tenants in common of the estate.

The cross-bill seeks relief upon the ground that the trust provisions of the will are absolutely null, void and of no effect. It can not be maintained upon that theory.

The demurrer of the defendant in the cross-bill must be sustained with leave to the complainant to amend if she so desires, so as to pray for an accounting of their doings as trus-

tees under the will, or for other relief, not inconsistent with this opinion.

### NOTE.

In the recent case of *Mason v. Mason*, 219 Ill. 609, it was held that where the trustee holds the legal title for the benefit of the *cestui que trust* for life, with power to sell the land and loan, or re-invest the proceeds and pay over the income to the *cestui que trust* at such times as the trustee may deem best, the trust is an active one, and is not executed by the statute of uses.