MIMS v. MACHLIN.

1. WILLS—LIMITATION OF ESTATES.—A devise to A, "in trust for the issue of his body, * * * to have and to hold in trust for the issue of his body," passes the fee to the issue.
2. THE TRUST being a dry and passive one, and trustee having nothing to do, the statute executes the use.

Before GARY, J., Barnwell, December, 1897.    Affirmed.

Action for possession of real estate by May Mims, by her guardian *ad litem*, *v.* Wm. Machlin, Z. Daniel, and J. F. Miller.    From judgment for plaintiff, defendants appeal.

*Messrs. Bellinger, Townsend & O'Bannon*, for appellants, cite: 23 S. C., 232; 28 N. E. R., 793; 16 S. C., 312; 7 Rich. Eq., 360; 78 Me., 226; 132 Pa. St., 157; 26 S. C., 565.

*Mr. B. T. Rice*, contra, cites: 46 S. C., 435; Rev. Stat., 2089; 25 S. C., 493; 17 S. C., 551; 1 McC. Eq., 77; 23 S. C., 232; 1 DeS., 156; 35 S. C., 335; 7 Rich Eq., 109.

July 18, 1898.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is an action for the recovery of possession of land, and involves the construction of the second clause of the will of Mrs. Eliza H. Mims, under whom all parties claim.    The clause in question is as follows: "Second.    I give and bequeath to my children, namely, Elizabeth Edison Mims, Isabella Virginia Mims, Ada Claudia Mims, Mary Ann Mims, Amelia Mims, and William Thomas Mims, in trust for the issue of their bodies, the tract of land on which I live, with all its members and appurtenances, and also all the rest and residue of my estate, of whatever character it may consist, whether personal or real, and wherever it may be.    To have and to hold in trust, for the issue of their bodies, to be divided among them per stirpes and not per capita.    But in the event of the death of any of my said children *without issue*, then that *child's portion* shall be divided among my surviving children, to share and share alike, in trust for the issue of their bodies."    Mrs. Mims died in 1879, leaving surviving her the children named in the will, all of whom are still living, and none of whom had issue at the time of her death.    Subsequently the land devised was partitioned among the children named in the will, and the tract of land described in the complaint was assigned to William Thomas Mims as his portion of the land devised.

William Thomas Mims sold and conveyed this land to J. H. C. All, October 13, 1896, and the defendants are now in possession, claiming title under All. The plaintiff is the daughter of William Thomas Mims, and was born in February, 1896. In September, 1897, she commenced this action to recover said land. Under these facts, the case by consent was submitted to his Honor, Judge Ernest Gary, without a jury. Judge Gary, construing said will, held that no duty was imposed upon the trustee under the terms of the will; that the trust was simply a dry, passive trust, and that, under the Statute of Uses, the trust was immediately executed upon the birth of plaintiff, and that the fee in the land immediately vested in her. He, therefore, gave judgment in favor of plaintiff for the land in question.

Appellants except to the construction given to the will by the Circuit Court, and contend that under said will Wm. Thomas Mims took a fee conditional estate, or at least a life estate, for his own benefit in said land. We do not think that Wm. Thomas Mims took either a life estate or a fee conditional under the will. The devise is expressly to the children of the testatrix, including Wm. Thomas Mims, "in trust for the issue of their bodies, * * * to have and to hold in trust for the issue of their bodies." No beneficial interest whatever is given to Wm. T. Mims either in terms or by necessary inference. It is argued that an intention to give a beneficial interest to said Mims is shown in the sentence, "But in the event of the death of any of my said children without issue, then that child's portion shall be divided among my surviving children, to share and share alike in trust for the issue of their bodies." It is said that the use of the words "child's portion" indicates an intent to give a beneficial interest to the children. These words, however, must be construed with reference to the trust estate or portion given to each child in trust, and they mean nothing more than "the portion held in trust by such child," being descriptive not of the quality of the estate in the children of the testatrix, but of the quantity or

portion of the trust estate that should go to surviving children in the event of the death of a child without issue.　In this sentence of the will the testatrix again makes manifest her intention not to create in her children any beneficial estate, but that they shall hold merely as trustees for the issue of their bodies.　It is also contended that the words, "to be equally divided among them *per stirpes* and not *per capita*," indicate that the gift to the issue is substitutional, and that the parent took a beneficial estate.　But we do not think so.　The gift to the "issue" is original, and the trust was created to hold the fee until the "issue" came into being.　These words merely describe the manner of distributing the whole estate given in trust to the five named children, among the issue of their bodies.　*McGown* v. *King*, 23 S. C., 236.

Is the trust executed under the Statute of Uses?　The rule is well settled, that where the trustee has no duty to perform, rendering it necessary that the legal title shall remain in him, the statute executes the use, and passes the title to the *cestui que use.*　We need only refer to the case of *Ayer* v. *Ritter*, 29 S. C., 135, where the cases are reviewed and the rule stated.　This rule, of course, requires that the *cestui que use* must be in *esse* before the use is executed.　*Williman* v. *Holmes*, 4 Rich Eq., 485.　This follows, because of the necessity that there be a grantee to take under the statutory conveyance, and because of the express words of the statute: "When any person shall be seized of lands to the use, &c., of any other person, * * * the person entitled to the use shall from henceforth stand and be seized, &c."　In this case, the plaintiff was in existence in October, 1896, when Wm. T. Mims undertook to convey the land to All; and being "issue" of Wm. T. Mims, she became "entitled to the use" in said land.　The will imposed no duty on the trustee which required for its performance that the legal title should remain in him.　Thereupon, on birth of plaintiff, the statute executed the use. The title having passed to the plaintiff, under the statute,

previous to the conveyance by Wm. T. Mims, the trustee, to All, the plaintiff is entitled to recover the land.

The judgment of the Circuit Court is affirmed.