LEE v. MILES.

DEED—LIFE ESTATE.—A TRUST DEED, giving lands to A. and her children, following the description with the words, "all and singular the rights, members, hereditaments and appurtenances, to have and to hold forever," and appointing trustees for children until they arrive at maturity, does not vest a life estate in A.; but she being dead, the children at maturity take fee simple estate.

Before BUCHANAN, J., Florence, September, 1898. Reversed.

Action for possession of land by David Lee against Louis Miles and J. C. Lynch. From judgment upon verdict for plaintiff, defendant appeals.

*Messrs. C. A. Woods, S. W. G. Shipp* and *Geo. G. Thompson,* for appellants, cite: *Construction of deed erroneous:* 35 S. C., 314. *Three ways of proving title:* 15 S. C., 478. *Terms of written instrument cannot be varied by parol:* 54 S. C., 343.

*Messrs. Wilcox & Wilcox,* contra, cite: *Intention of grantor must be sought in construing a deed:* 35 S. C., 331; 15 S. C., 277. *There being no words of inheritance in the deed, it only conveyed a life estate:* 42 S. C., 65; 40 S. C., 468; 39 S. C., 274; 32 S. C., 77. *Oral testimony competent to supply omissions in deed:* 20 S. C., 574; 40 S. C., 145; 44 S. C., 28; 3 Rich., 128; 32 S. C., 164.

February 27, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an ordinary action to recover the possession of land. The practical question raised by the exceptions is whether there was error on the part of his Honor, the presiding Judge, in construing the following instrument of writing: "State of South Carolina Williams Burg District, know all men by these presents that I David Lee of Clarendon District for the love and Good will that I have for my sister Margaret Ann Pate & Children Give a Plantation or Tract of land Containing fifty Acres bounded on the South by John J. Steel—East by John Mathews—West by T. Huitt N. & North East by Elijah Caraway all & Singular the Rights members heraditaments & appertenances to have & to hold for Ever which I do warrant & for Ever defend for my Self my heir Executors & administrators & all other persons whomsoever lawfully Claiming or to Claim the same or any Part thereof on which I do appoint Pleasant McAllister of Williamsburgh Dist & myself David

Lee of Clarendon District as agents or trustees to take Care of this land until these Children Come of age Witness my hand & seal this seventeenth day of August one thousand Eight hundred & fifty nine.   David Lee  (L. s.)   Test. Jason Lynch William McAllister sen."

This deed was executed by the plaintiff.   Margaret Ann Pate is dead, but her children are still living.   The presiding Judge construed the deed as giving to Margaret Ann Pate a life estate in the land, and that upon her death the land reverted to the grantor, David Lee, the plaintiff in this action.   It appears from the face of the deed: 1st. That Margaret Ann Pate and her children were the objects of the grantor's love and good will, and that the deed was executed for their benefit.   2d. The words "all and singular the rights, members, hereditaments, and appurtenances, to have and to hold forever, which I do warrant and forever defend from myself, my heir, executors and administrators, and all other persons whomsoever lawfully claiming or to claim the same or any part thereof," show clearly that the grantor intended to part with the fee.   *Hunt* v. *Nolen,* 46 S. C., 356. 3d. That the grantor reserved the right for Pleasant McAllister and himself to hold the land as agents or trustees until the children came of age.   This is a trust estate, and greater latitude is allowed in arriving at the intention of the grantor than when a legal estate is involved.   As the children are all of age, and no further duty rests upon the trustees, the use has thereby become exempted, and the children must be regarded as the legal owners of the property.   There is not a single expression in the deed, which shows that Margaret Ann Pate was to take a greater estate than her children. Indeed, there are expressions more favorable to them than to her, she only being mentioned in connection with them in the former part of the deed, while they alone are mentioned in the latter part thereof.

As this construction disposes of the case, it is not necessary to remand it for a new trial.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the complaint dismissed.