## 1930

### FOLK v. HUGHES *ET AL.*

#### (84 S. E. 713.)

##### DEEDS. CONSTRUCTION. ESTATES. TRUSTS. REMAINDERS.

1. DEEDS—ESTATES—CONSTRUCTION.—A deed conveying land to A for his uses and benefits, and for the maintenance and support of his children (he having no children at the date of the deed) during the term of his natural life, and to said children immediately after the death of A, to have and to hold to the said children, their heirs and assigns forever, conveys the land therein described to A for life, for his own use and partially in trust for the maintenance, support and benefit of his after-born children, with a contingent remainder in fee to his after-born children, if any, as purchasers.

2. TRUSTS—ESTATES.—It is not necessary to the creation of a trust estate that the *cestui que trust* should be in existence at the time of its creation.

3. TRUSTS—ESTATES.—A trustee will not be allowed by his own act to defeat or destroy his trust, and those who deal with him in respect of the trust estate are bound by the terms of the trust.

4. TRUSTS—ESTATES—CONTINGENT REMAINDERS.—Where the grantee in deed creating a trust in lands for after-born children, with contingent remainders limited thereon, reconveys before the birth of such children the lands to his grantor, such reconveyance will not be allowed to destroy such trust estate and contingent remainders.

5. DEEDS—ESTATES—REMAINDERS.—Where a deed of lands created a precedent life estate with remainder to the children of the life tenant, and, at the date of the deed the life tenant had no children, the remainder is necessarily given to after-born children.

6. TRUSTS—CONTINGENT REMAINDERS—EXTINGUISHMENT.—Though the remainder, in a deed to G. for life with remainder to his children, is contingent, he having no children at the time, it cannot be destroyed by G., before having any children, reconveying to J., his grantor, and J. conveying to G. alone; G.'s life estate not having been absolute, but the conveyance having been for his uses and benefit and for the maintenance and support of his children during his life, thereby giving him a trust estate for life for the benefit of the children, which he could not convey.

Before SEASE, J., Bamberg, March, 1914.    Reversed.

Action for foreclosure of a mortgage brought by Mrs. W. S. Folk against Mrs. Lottie Hughes, Ruth Hughes, Grace Hughes and Robert Hughes. From judgment for plaintiff, the defendants appeal. The facts are stated in the opinion.

*Rec'd.*

*Messrs. Carter & Carter* and *E. H. Henderson,* for appellants, submit: *G. W. Hughes, the grantee in the deed of 1890 took an estate charged with a trust for the support and maintenance of his children during his life, as they might come into being, and to these children absolutely in fee upon the death of their father, which estate vested in the children upon their birth, not subject to be divested, but to open up to let in after-born children; and until the death of their father, they had a beneficial interest with him, created by the trust, which interest their father could not defeat by alienation of the life estate granted him:* 11 S. C. 346; 16 S. C. 303; 53 S. C. 6; 54 S. C. 394; 56 S. C. 430; 28 S. C. 125; 58 S. C. 382; 3 Strob. 101; 38 S. C. 454. *Children, word of purchase:* 16 S. C. 220; 24 S. C. 304; 76 S. C. 484.

*Merger, not favored:* 47 S. C. 305; 74 S. C. 42. *The conveyance by trustee did not destroy the trust:* 58 S. C. 390; 1 Perry, Trusts, secs. 217, 334, 828; 1 Tiffany, Real Property, 242. *The deed of 1892, did not reconvey either the grantor's life estate or the fee to original grantor, but only a life estate:* 88 S. C. 296; 51 S. C. 557; 39 S. C. 14; 84 S. C. 428; 32 S. C. 85; 40 S. C. 475; 36 S. C. 295; 48 S. C. 341; 1 Washburn, R. P. 117, 188; Co. Lit. 42; 218b Tiffany, Real Prop., 409, 291.

*Messrs. Mayfield & Free,* for respondent, cite: *As to construction of deed:* 78 S. C. 340; 20 A. & E. Ann. Cas. 21; 30 N. J. L. 505; 1 Kent Com. 8. *No trust or estate in children before they came into being:* 34 S. C. L. 104-105; 4 S. C. Eq. 270; 11 S. C. Eq. 488; 22 S. C. Eq. 66; 28 S. C. 131. *The deed of 1890 created a fee conditional in G. W. Hughes:* 21 S. C. Eq. 190; 53 S. C. 197; 46 S. C. 262; 52 S. C. 262; 17 S. C. 545. *Merger:* 74 S. C. 42; 87 S. C. 49; 93 S. C. 70.

March 13, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action to foreclose a mortgage given to C. Ehrhardt & Sons by G. W. Hughes and now owned by plaintiff. The children of the mortgagor claim title to the mortgaged property, contending that their father had only a life estate therein, with remainder in fee to them.

On September 22, 1890, J. W. Hughes conveyed the land to his son, G. W. Hughes, by deed, which reads: "Know all men by these presents that I, J. W. Hughes, of the county of Barnwell and State aforesaid, for and in consideration of the sum of twenty dollars to me in hand paid by G. W. Hughes, of the county and State aforesaid (the receipt whereof is hereby acknowledged), do grant, bargain, sell

and release unto the said G. W. Hughes all that plantation
* * *.

To have and to hold the said described tract of land with
all privileges and appurtenances thereof to the said G. W.
Hughes for his uses and benefits, and for the maintenance
and support of the children of the said G. W. Hughes dur-
ing the term of his natural life. And I, the said J. W.
Hughes, for and in consideration of the love and affection
I have for the lawful children of the said G. W. Hughes, do
hereby grant, release and convey unto the lawful children
of the said G. W. Hughes all the above described tract of
land.

To have and to hold the same immediately after the death
of the said G. W. Hughes.

Together with all the rights and appurtenances thereto
belonging.

To have and to hold all and singular, the said premises
unto the children of the said G. W. Hughes, their heirs and
assigns forever. And I do hereby warrant said premises
unto said children, their heirs and assigns forever, against
myself and my heirs, executors and administrators or any
person or persons lawfully claiming, or to claim, the same
or any part thereof."

On November 10, 1892, G. W. Hughes reconveyed it
to his father by deed, as follows: "Know all men by these
presents, that whereas, on the 22d day of September,
1890, J. W. Hughes did make unto me a deed of con-
veyance, whereby he purported to convey unto G. W.
Hughes a certain tract of land, in said county and State, the
same hereinafter described, and containing seven hundred
and sixty-three acres, and for the consideration therein
expressed of the sum of twenty dollars, the same being
agreed under certain family arrangements resting on a con-
tingency, which did not, and now cannot, arise. There-
fore, know all men by these present, that I, the said G. W.
Hughes, for and in consideration of the like sum of twenty

dollars, to me in hand paid by the said J. W. Hughes (the receipt whereof I do hereby acknowledge), have granted," * * * "To have and to hold the same unto him, the said J. W. Hughes, and assigns forever.

Together with all and singular the rights, titles, hereditaments and appurtenances to the same in anywise appertaining or belonging.

And I do hereby warrant and defend the said premises with the said J. W. Hughes, his heirs and assigns, from and against the claims of myself and my heirs and assigns and all and every person whomsoever lawfully claiming, or to claim, the same or any part or parcel thereof."

On April 15, 1899, J. W. Hughes conveyed it back to G. W. Hughes, his heirs and assigns, with full covenants of warranty.

On October 22, 1901, G. W. Hughes executed the mortgage herein sought to be foreclosed.

At date of the first deed to him, in 1890, G. W. Hughes was married, but had no child, and was still childless at the date of his reconveyance to his father in 1892. His first wife died March 2, 1894, having borne him one child, the defendant, Robert, the date of whose birth is not stated in the record. The defendants, Ruth and Grace, are his children by his last wife, the defendant, Lottie Hughes. He died some time before the commencement of the action.

The Circuit Court held that the effect of the deeds above recited was to vest the fee simple title in G. W. Hughes, and decreed foreclosure of the mortgage.

Read in the light of the facts and the rules, which require that attention and effect shall be given to all its parts, and that the intention of the grantor so ascertained shall be given effect unless it conflicts with some settled rule of law, the deed of 1890 must be construed as conveying to G. W. Hughes the land therein described for life, for his own uses and in trust for the maintenance and support of his after-born children, with remainder in

fee to his after-born children, if any, as purchasers. *Reeder* v. *Spearman,* 27 S. C. (6 Rich.) Eq. 88; *Hill* v. *Thomas,* 11 S. C. 346; *Mendenhall* v. *Mower,* 16 S. C. 303; *Mims* v. *Machlin,* 53 S. C. 6, 30 S. E. 585; *Rawls* v. *Johns,* 54 S. C. 394, 32 S. E. 451; *Lee* v. *Miles,* 56 S. C. 428, 35 S. E. 2. Of course, if no children had been born to G. W. Hughes the fee would have reverted, by operation of law, to J. W. Hughes.

The remainder to the children of G. W. Hughes was contingent. Thereupon, the question arises whether his reconveyance to J. W. Hughes, in 1892, before the birth of a child, destroyed the precedent life estate in him, which was necessary to support such a remainder, and revested the entire estate in J. W. Hughes—by merger of the life estate and reversion—so as to destroy the intervening contingent remainder.

It has been held that a contingent remainder may be so destroyed. *McCreary* v. *Coggeshall,* 74 S. C. 42, 7 Ann. Cas. 693, 53 S. E. 978, 7 L. R. A. (N. S.) 433n. But it is generally held that merger is not favored by the Courts of law or equity, especially when it would defeat the intention of the parties. In this case, while it would have defeated the original intention of the parties to the deed of 1890, it would probably have carried out their subsequent intention, for it is inferable from the several deeds, under the circumstances, that they were executed for the purpose of destroying the remainder and vesting the fee simple title in G. W. Hughes.

But we need not inquire into the intention of the parties, nor what would have been the effect of the deeds of 1892 and 1899, if the deed of 1890 had given G. W. Hughes an absolute estate for life, because the character of his life estate renders such inquiries unnecessary. The life estate given him was not absolute, but, by the terms of the deed, it was given to him "for his uses and benefits and *for the maintenance and support of the children of the said G. W.*

*Hughes during the term of his natural life."* It was, there-
fore, partially in trust for the benefit of his after-born
children.    In *Hunter* v. *Hunter,* 58. S. C. 382, 36 S. E.
734, a devise to the testator's widow "for and during her
lifetime, to support herself and my children and to educate
my children," was construed to give the widow a trust
estate for life for the benefit of the children, and it was
held that the widow had no power to sell even her life
estate, no such power having been given her in the will.

It is not necessary to the creation of a trust estate that
the *cestui que trust* should be in existence at the time of its
creation.    1 Perry on Trusts, sec. 66; Tiffany & Bullard
on Trusts 3; *Carson* v. *Carson,* 1 Winston Ch.
(N. C.) 24; *Ashurst* v. *Given,* 5 Watts & S. (Pa.)
329.    In the case last cited, a devise to a father in
trust for his children at the time of his death was held to
be good, although the father had no children at the time
of the vesting of the estate in him as trustee.

A trustee will not be allowed by his own act to defeat
or destroy his trust, and those who deal with him in respect
of the trust estate, with knowledge of the trust, are
bound by the terms of the trust, and if they pur-
chase the trust estate they take it encumbered with
the trust. 1 Perry on Trusts, secs. 217, 334.    It follows
that the deeds of 1892 and 1899 did not affect the
remainder created by the deed of 1890, for, of
course, both the grantor and grantee therein knew
of the trust created by the deed of 1890.

The cases cited and relied upon by respondent to the
effect that a deed is *inter vivos* and must take effect in
*presenti,* and holding, therefore, that a deed to the children
of another, in the absence of language from which a
different intention may be inferred (as in *Melli-
champ* v. *Mellichamp,* 28 S. C. 125, 5 S. E. 333),
includes only children in being at the time of execution
thereof are not applicable.    In each of the cases cited, the

deed was directly to the children, and some children ·were in being at the date of the deed, and some were born afterwards; while in this case, the deed created a precedent life estate, with remainder to the children of the life tenant, and, at date of the deed, the life tenant had no children; hence, the parties . must necessarily have intended afterborn children; for, otherwise, that part of the deed which provides for the children could be given no effect at all.

Judgment reversed.