ERASTUS DEAN *et al.*

*v.*

HARRY C. LONG *et al.*

*Filed at Ottawa November 11, 1887.*

1. WITNESS—*competency—party as against heirs.* The deposition of a party complainant, taken after the death of a defendant, in a bill filed to set aside a deed, and for rents, etc., is incompetent to be read as evidence as against such deceased party's heirs.

2. TRUST—*conveyance in trust—and in whom the legal title will vest.* A land patent from the United States to A and B, trustees for C and her children, C being a married woman and wife of B, conveys only an estate to A and B in trust for C and her children born and thereafter to be born.

3. A conveyance in trust, or to the use of another, which prescribes no duties to be performed by the trustee, but leaves him a mere passive title, vests the legal title in the *cestui que trust.* But this rule does not apply to a conveyance to one in trust for a married woman and minor children incapable of contracting in regard to their property. In such case the legal estate will not vest in the *cestui que trust,* but will vest in the trustee for the *cestui que trust.*

4. CONVEYANCE—*to the grantee "and her children," construed as including after-born children.* A husband, and his son by a former wife, purchased a tract of land, taking the conveyance in their names as trustees for the second wife "and her children:" *Held,* that the words, "and her children," were words of purchase and not of limitation, but to be read conjointly with the name of the mother, and that the transaction being in the nature of a family settlement, provision was intended to be made for after-born children as well as those in being at the time. In such case the trustees hold also for children that may thereafter be born.

5. NOTICE—*from recitals in prior deed.* In all cases where a purchaser of land can not make out a title except by a deed which leads him to another fact, whether by description of the parties, recital or otherwise, he will be chargeable with notice of such other fact. So where his grantor's title papers show that he has only an estate in trust for another, the purchaser will take subject to such trust.

6. LIMITATION—*act of 1839—good faith.* A deed for land taken with notice that the grantor held the title in trust for another, can not avail as color of title under the seven years' limitation law; but a deed from the latter, while claiming title, to another without notice of the defect in his chain of title, is good color of title under such law.

Appeal from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

This was a bill in equity, exhibited in the De Kalb circuit court on the 18th day of February, A. D. 1876, by Robert Furniss Long, Elizabeth Long, Harry C. Long, Alicia Lucia Burton, John Burton, Eleanor M. Taylor, Charles A. Taylor, Alice E. Long and Albert D. Long, against Erastus Dean and George M. Hadden, and alleging, in substance, that Robert Whatkinson Long caused to be purchased of the United States the south half of the south-east quarter, and south half of the south-west quarter, of section 36, town 39 north, range 4, in De Kalb county, Illinois, 160 acres; that the money to buy it was furnished by Robert Whatkinson Long, and the purchase was made for the benefit of said Elizabeth Long and her children, and that the title to same was placed in Robert F. Long and Robert Whatkinson Long, in trust for the benefit of said Elizabeth Long and her children, on or about August 1, 1853; that a trust patent of that import was issued by the United States to said parties; that Alicia Lucia Burton, Eleanor Mary Taylor, Alice E. Long, Albert D. Long and Harry C. Long are all the children of Elizabeth Long, and the only children; that Robert Whatkinson Long died in Illinois in 1869, and that he was the step-son of said Elizabeth, and son of Robert Furniss Long, who is the husband of said Elizabeth and the father of all the others above named; that the said children of the said Elizabeth Long are aged, respectively, from twenty-one to thirty-two years of age; that the legal title of said lands was placed in said trustees for the use and benefit of said Elizabeth and her children, and to place it beyond her power to encumber or dispose of it, etc.; that one Erastus Dean is now in possession of the south half of the south-west quarter of said section 36, and claims to be the owner in fee, and that he derived title from one George M. Hadden, and that said Hadden claims to have acquired the title to the same through

a pretended purchase, etc., made by said Robert F. and Elizabeth Long, but they deny that said Hadden ever had any valid deed, that it is void, etc.; that Hadden knew that the title was a trust title, in said Robert F. and Robert W. Long, exclusively to and for the benefit of the said Elizabeth and her children, and that he could not get a good title, etc.; that the deed was made to said Hadden in payment of money loaned by him to said Robert Furniss Long at usurious rates of interest, and which had been used by him in his individual character, and not in his character as trustee, etc., and that the whole transaction was a fraud and a violation of the trust, etc.; that Hadden went into possession of the said land in the year 1855, and he and his grantees have had possession ever since, and have had all the rents, etc., and that they refuse to recognize the claims of the complainants, etc.; that said Dean knew all about the rights and claims of complainants when he bought it, and took his chances; that it is worth $50 per acre, and that the rents have been worth $250 per year, and that they ought to have these rents, and that Hadden and Dean should be made to account, and that they are ready to pay back all the taxes. The bill prays for answer, but not under oath, and that the title in Dean be set aside and declared to be in the complainants, and that an accounting be had of the rents and profits and taxes, etc.

Hadden and Dean answered, jointly and severally, but not under oath, in substance, that Hadden, about the year 1853 or 1854, was induced to buy a note of the said Robert Furniss Long, which said Long claimed to own, against one Shackleton; that Hadden would not buy it, but after repeated solicitations did buy it, on the condition that Long should get it changed so it would run at ten per cent; that he sent away and in a few days came back with the note changed to ten per cent; that Long said he had seen Shackleton, and it was all right, etc.; that Hadden soon learned that Shackleton had not authorized the change, and that Long had made it without the

29—122 ILL.

assent of said Shackleton; that Hadden then insisted that he secure him, which he did by a bond for a deed and a mortgage, and afterwards, to pay it, Long and wife gave Hadden a deed of the said land; that Hadden had no knowledge whatever of the trust now claimed, and did not know that anybody had any interest in it but the said Long and wife, as said Long stated; claims that the land was in fact bought with the money of said Long, and that his son never paid anything towards it, and that if such patent was so issued, it was so done for some dishonest purpose; that said Long always regarded and treated it as his own, and no one else ever exercised any control over it, and that he was, in fact, the owner; that at the time the said land was entered, several of the complainants were not born; that the statement that the land at that time belonged to the said wife and children, is a cheat and a fraud; that said Robert Whatkinson Long was a rascal, had no money, and had to run the country on account of some rascally work, and if the said patent issued as in said bill stated, it did not give the said wife and children any interest, as it does not describe what is their interest, and also that it was done to cheat creditors, etc.; that said Hadden held the land for two or three years, paid a large amount of taxes, and then sold and conveyed it to said Dean for a valuable consideration, and that said Dean never has received to this day any notice of any such claim; that he at once took possession, and built a house, and has otherwise improved it to a large extent, to the amount of $5000 or thereabout, and has continued his said possession thence hitherto, and paid all the taxes, etc., to the amount of $2000 more, and he claims the benefit of the seven years' limitation, etc.; that no taxes have been offered to said Hadden, or to said Dean, as a tender for taxes paid, and they claim that even if the said wife and children ever had any interest in the land, they have long since lost it by *laches;* that all the children are of full age, and have been so for more than three years previous to the filing the said bill, (at least all of them

that were in existence at the time of the entry of said land,) and that all the parties are estopped, etc.; deny all other allegations in the bill not otherwise answered.

Replication was filed to the answer. The cause was continued, from time to time, until the 26th day of June, A. D. 1882, when, by agreement of parties, the venue was changed to the circuit court of Kane county. Thereafter, on the 11th of December, A. D. 1882, the death of the defendant George M. Hadden was suggested. Subsequently, his heirs-at-law were made defendants, and duly summoned, and a guardian *ad litem* was appointed for the minor defendants, who filed the requisite answer. The cause was then again continued, from time to time, until the 19th day of December, A. D. 1884, when the death of the complainant Robert Furniss Long was suggested.

The cause was heard at the April term, A. D. 1886, of the Kane circuit court, but the court took time for advisement, and, at the next following October term, decree was rendered. The decree finds that the United States, in 1853, conveyed, by patent, the land in said bill mentioned, to-wit, the south half of the south-west quarter of section 36, township 39 north, range 4, east of the third principal meridian, to Robert F. Long and Robert W. Long, as trustees, for the use of Elizabeth Long, wife of Robert F. Long, and her children; that said grantees were naked trustees, having no duties to perform and no trusts to execute, and that the title to said land, immediately upon the issuing of said patent, became vested in said Elizabeth Long and her children, in like manner and to the same extent as if they had been named as grantees in said patent, and they, the said Elizabeth Long and her children, held said lands in fee simple, as tenants in common thereof; that June 13, 1855, the said Elizabeth Long, and Robert F. Long, her husband, joined in a deed of conveyance of said lands, with full covenants of warranty, to George M. Hadden, one of the original defendants herein, whereby the

said Hadden succeeded to the interest of said Elizabeth Long, and became a tenant in common of said lands with the children of said Elizabeth Long; that January 9, 1865, the said Hadden conveyed, by warranty deed, to the defendant Erastus Dean, the said land, and that said Dean entered into immediate possession of said land, and from thence hitherto continued in such possession; that said Dean, ever since the time of his purchasing and taking possession of said lands, as aforesaid, has in good faith paid all the taxes and assessments on said lands, without any notice of or information (until the commencement of this suit) that the children of said Elizabeth Long, or any other person than said Hadden, had, or claimed to have, any right, title or interest in or to said land; that said Hadden paid all the taxes and assessments on said land, from the time of his purchase thereof, in 1855, to the date of his conveyance of same to said Dean, in 1865; that at the time of the commencement of this suit, the said Henry C. Long was the only one of the children of the said Elizabeth Long who was under the age of twenty-four years, he then being in his twenty-second year; that at the time of the birth of said Henry C. Long, Elizabeth Long had four other children, thus making the share of each child in the ownership of said land one-sixth. It is therefore decreed, that by the conveyance of said Elizabeth Long and her husband to said George M. Hadden, one-sixth of the title to the said lands was vested in said Hadden, and the other five-sixths were vested in the five children of said Elizabeth Long, as tenants in common; that said Elizabeth, having conveyed her interest in said land to said Hadden, had no interest in said land at the commencement of this suit, and that all the other complainants, except the said Henry C. Long, having failed to make any claim or to assert their rights to said land within three years next after their majorities, respectively, were, at the time of the commencement of this suit, barred of all right, claim, title or interest of, in and to said land, and at such time had no

rightful claim, demand or interest to or in said land, the defendant Dean having, for more than seven successive years prior thereto, been in the actual possession thereof under claim and color of title made in good faith, and during all said time having paid all taxes and assessments levied on said land; and said Dean and said Hadden, under whom he claimed, having been in the actual, exclusive and adverse possession of said land for more than twenty years prior to the commencement of this suit, it is therefore adjudged and decreed that as to all of said complainants, except the said Henry C. Long, the bill be dismissed. The court further finds that the said Henry C. Long, at the date of said patent, was not then born, yet being the child of the said Elizabeth Long, though born subsequent to the date of the patent, and the patent not limiting the grant to the children then *in esse*, it included the said Henry C. Long. It is therefore adjudged and decreed that the said Henry C. Long is the owner of, and entitled to recover, an undivided one-sixth part of said land in fee simple absolute.

By agreement of parties no decree or order was made in respect to rents and profits, which are reserved for future consideration.

The patent for the land reads as follows:

"Whereas, Robert Furniss Long and Robert Whatkinson Long, in trust for Elizabeth Long and her children, of Cook county, Illinois, have deposited in the general land office of the United States a certificate of the register of the land office at Chicago, whereby it appears that full payment has been made by the said Robert Furniss Long and Robert Whatkinson Long, trustees as aforesaid, according to the provisions of an act of Congress on the 24th of April, 1820, entitled "An act making further provision for the sale of public lands," for the south half of the south-east quarter, and the south half of the south-west quarter, of section 36, in township 39, of range 4, in the district of lands subject to sale at Chicago, Illinois, containing one hundred and sixty acres according to the official

plat of the survey of said lands returned to the general land office by the Surveyor General, which said tract has been purchased by the said Robert Furniss Long and Robert Whatkinson Long, trustees as aforesaid.

"Now, know ye that the United States of America, in consideration of the premises, and in conformity with the several acts of Congress in such cases made and provided, have given and granted, and by these presents do give and grant, unto the said Robert Furniss Long and Robert Whatkinson Long, trustees as aforesaid, and to their heirs, the said tract above described, to have and to hold the same, together with all the rights, privileges, ·immunities, appurtenances, of whatsoever nature thereunto belonging, unto the said Robert Furniss Long and Robert Whatkinson Long, trustees as aforesaid, and to their heirs and assigns forever."

Then follow the attestation, signature, etc., on the 1st day of August, A. D. 1853. It was filed for record in the recorder's office of De Kalb county, on the 18th day of February, 1876.

The following facts were stipulated by the parties to be true, and to be received as evidence in the case.

*First*—The United States patent in both of said bills mentioned as a trust patent to the said Longs, was not recorded prior to the commencement of these suits in said De Kalb county.

*Second*—The children of Elizabeth Long and Robert F. Long, two of the complainants in said bills, at the time of the filing said bills in said causes, were aged, respectively, as follows: First, Mrs. Lucy Burton, thirty-five years, eleven months, seventeen days; second, Mrs. Eleanor Taylor, thirty-three years, one month, seventeen days; third, Alice E. Long, twenty-six years, seven months, nine days; fourth, Harry C. Long, twenty-one years, seven months, nine days; and fifth, Albert D. Long, twenty-four years, three months.

*Third*—George M. Hadden (defendant, now dead,) received the property mentioned in the bills of complaint in the above

causes, by a warranty deed from said complainants Robert F. Long and Elizabeth Long, (patents were not on record,) which deed was recorded in said De Kalb county, June 15, 1855, and that said Hadden went into possession immediately, and he and his grantees have been in possession of the same and paid taxes ever since that time.

*Fourth*—That defendants O'Boyle, in one of said causes, and Dean, in the other, are the grantees of said Hadden, and have each been in undisturbed possession of their respective portions of said premises, and have paid the taxes thereon for more than seven years next prior to the commencement of these suits.

*Fifth*—The defendants then offered and read in evidence the warranty deed of Robert F. and Elizabeth Long to George M. Hadden, dated June 15, 1855, and recorded in the recorder's office of De Kalb county, Illinois, in book 14 of deeds, page 603. This deed is the old long form of warranty deed, with full covenants, conveying to Hadden the south half of the southeast quarter, and the south half of the south-west quarter, of section 36, town 39 north, range 4,—160 acres.

*Sixth*—Defendants next offered and read in evidence a warranty deed from George M. Hadden and wife to Erastus Dean, dated January 9, 1865, and recorded in the recorder's office of De Kalb county, Illinois, in book 32 of deeds, page 455. This deed is the old long form of warranty deed, with full covenants, conveying to Dean the south half of the south-west quarter of section 36, aforesaid,—80 acres.

*Seventh*—Defendants next offered in evidence the affidavit of Erastus Dean, subscribed, sworn and filed June 25, 1886, which was allowed to be read and received in evidence, by agreement of parties, the same as if sworn in open court on trial, subject to all other legal objections that might exist to it as evidence. Said affidavit is entitled in this case, and is as follows: "Erastus Dean being first duly sworn, says that since the date of his deed offered in evidence herein, and prior to

DEAN *et al. v.* LONG *et al.*

 Brief for the Appellants.

the commencement of this suit, he has occupied said land therein described, in good faith, without notice of claimant's rights, and built a house worth $700, built stables and sheds worth $400 and over, dug a well at the cost of $75, put in two hundred rods of hedge fence, and otherwise fenced the above tract with several hundred rods of fence."

Certain depositions were also read in evidence, on behalf of complainants, which are sufficiently noticed in the opinion. Errors were assigned, presenting the questions discussed in the opinion.

Mr. M. O. SOUTHWORTH, and Messrs. HOPKINS, ALDRICH & THATCHER, for the appellants:

Elizabeth and Robert F. Long, as to the heirs of Hadden, deceased, were incompetent witnesses. *Merrill* v. *Atkin,* 59 Ill. 19; *Langley* v. *Dodsworth,* 81 id. 86; *Branger* v. *Lucy,* 82 id. 91; *Ruckman* v. *Alwood,* 71 id. 155; *Pyle* v. *Oustatt,* 92 id. 209; *Wachter* v. *Blowney,* 104 id. 610; *Cassel* v. *Cassel,* id. 361.

Robert W. Long and Robert Furniss Long took no estate whatever. They being mere naked trustees, with no duties to perform, the title vested at once in Elizabeth Long and those who were then her children. Rev. Stat. chap. 24, sec. 3; Perry on Trusts, sec. 298; *Witham* v. *Brooner,* 63 Ill. 344; *Lynch* v. *Swayne,* 83 id. 336; *Kirkland* v. *Cox,* 94 id. 400.

A grantee has a right to suppose that his grantor has all the title that he claims to have in the deed of conveyance that he gives. *Rodgers* v. *Kavanaugh,* 24 Ill. 583.

Where a trustee is in actual possession of the estate, (as in this case,) and for a valuable consideration conveys it to a purchaser who has no notice of the trust, such purchaser will be entitled to hold the estate against the *cestui que trust,* because their equities were equal; and the court will leave the parties in the state in which it finds them, where equities are balanced. Tiffany & Bullard on Trusts, p. 818, and authorities cited, and p. 820, on the doctrine of notice; *Dennis* v. *McCagg,* 32 Ill. 429.

So we say in this case, that the children who were in being at the time of the issuing of the patent by the government, took the title to the real estate with their mother, to the exclusion of said Henry C. Long, who was not only born thereafter, but who was, as we have already shown, begotten after the title had vested.

An immediate gift to children,—*i. e.*, a gift to take effect in possession immediately on the testator's decease,—whether it be to the children of a living or a deceased person, or whether to children, simply, or to all the children, or whether there be a gift over in case of the decease of any of the children under age or not, comprehends the children living at the testator's death, and those only. 2 Jarman on Wills, (5th ed.) 156; *Handberry* v. *Doolittle*, 38 Ill. 206; *Jenkins* v. *Freyer*, 4 Paige, 46.

Messrs. MAYBORNE, FLOWER, REMY & HOLSTEIN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We have arrived at the same conclusion reached by the chancellor below, but by a somewhat different process of reasoning.

We are inclined to think the depositions of Robert Furniss Long and Elizabeth Long, two of the complainants, taken after the death of Hadden, were incompetent to be read in evidence as against his heirs-at-law, and they prove nothing that we deem of any moment against Dean, his grantee. But omitting those depositions, the patent establishes, beyond all question, that the only title that Robert Furniss Long had in the land was as joint trustee with Robert Whatkinson Long, for the wife of the former, Elizabeth Long, and her children. The patent recites that "Robert Furniss Long and Robert Whatkinson Long, in trust for Elizabeth Long and her children, of Cook county, Illinois, have deposited in the land office of the United States a certificate of the register of the

land office at Chicago, whereby it appears that full payment has been made by the said Robert Furniss Long and Robert Whatkinson Long, trustees as aforesaid," for the tract of land therein described, adding: "Which said tract has been purchased by said Robert Furniss Long and Robert Whatkinson Long, trustees as aforesaid, and the land is therefore conveyed unto the said Robert Furniss Long and Robert Whatkinson Long, trustees as aforesaid." There is nothing in the record tending to contradict this recital, and it must therefore be accepted as conclusive as to the facts recited, and therefore that a trust, only, is conveyed by the patent.

The case is unlike *Witham* v. *Brooner,* 63 Ill. 344, *Lynch* v. *Swayne,* 83 id. 336, and *Kirkland* v. *Cox,* 94 id. 400, where it was held, that under the operation of section 3, chapter 24, of the Revised Statutes of 1845, a conveyance in trust, or to the use of any person, which requires no duties, prescribes the execution of no trust, but leaves the trustee only a passive title, carries to the *cestui que trust* lawful seizin, estate and possession. The trust here created is for a married woman and her children. At the date of its creation she was not, under the law then in force, *sui juris,* in all respects, with reference to her separate property, and some or all of her children were then minors, and therefore incapable of legally contracting in regard to their property; and in such cases it is held the statute will not vest the estate in the *cestui que trust,* but the estate will vest in the trustee for the *cestui que trust.* Perry on Trusts, (1st ed.) secs. 310, 311, and authorities cited in note 1, on page 290, and in note 3, on page 291.

We are unable to agree with counsel for appellees, that the language employed in this patent created a life estate in Elizabeth Long, with remainder over, after her death, to her children. There is no language creating a particular estate in Elizabeth Long, and that is indispensable to the creation of a remainder. No words are employed showing an intention to carve out a life estate. We agree with them that the words,

"children," here, are words of purchase and not of limitation, but they are to be read conjunctively with the name of Elizabeth Long. The pleadings show that Robert Furniss Long was the husband, and that Robert Whatkinson Long was the step-son, of Elizabeth Long. The transaction was therefore in the nature of a family settlement, in which the present as well as the remote welfare of the children was as much an object of concern as the present and remote welfare of Elizabeth Long. In such cases, the rule relied upon by counsel for appellant, as laid down in *Handberry* v. *Doolittle*, 38 Ill. 206, does not apply. That applies only to cases where a class of persons are to come into immediate possession upon the death of the testator. Here, the object and intention is the support of a family, in which after-born children are as much the concern of the donor as those then in being; and so it is said: "Whenever the fortune of a married woman is within the jurisdiction of the court, either by having been paid into court or by a suit concerning its possession, the court always directs an inquiry whether a settlement has been made; and the constant habit is to direct a settlement, not only upon the wife, but upon the children also. The wife can not say that she claims a settlement for herself, and not for the children. She has the option to have no settlement; but if a settlement is made, it must be upon the wife and children." Perry on Trusts, (1st ed.) sec. 627. And this includes children unborn as well as those then in being. (1 Bishop on the Law of Married Women, sec. 673.) And so a grant to a wife, and her child begotten by the grantor, has been held to give a joint estate to the wife and a child subsequently born. (*Powell* v. *Powell*, 5 Bush, 619.) And so, "if there be a devise or limitation to the use of the children of A, the estate may vest in joint tenancy in one, and afterwards in other children, as they progressively are born." 4 Kent's Com. (8th ed.) 376, *359. A conveyance, as here, to the use of a woman and her children, plainly means to her and all of her children, the right vesting in each child,

successively, as born. No other view is consistent with the object and purpose of such a limitation.

It is not pretended, in the view that the legal estate did not vest in the *cestuis que trust, eo instanti,* the execution of the deed, that there is any difficulty in the trustees holding for the benefit of the unborn child. Hadden was not a purchaser in good faith, without notice. The only proof in regard to his obtaining title is, that Robert Furniss Long and Elizabeth Long conveyed to him, and he immediately went into possession. The rule is thus laid down by Sugden, in his work on Vendors, (8th Am. ed.) vol. 2, page 561: "In all cases where a purchaser can not make out a title but by a deed which leads him to another fact, whether by description of the parties, recital or otherwise, he will be cognizant thereof, for it was *crassa negligentia* that he sought not after it." Hadden, here, could not make out a title but by the patent, and that being obtained would have disclosed the trust, for there is not the slightest pretense that any other title was exhibited as that under which they held. It was by reason of his own gross negligence that he did not know the contents of the patent,—if, in fact, he did not know them,—and he could, therefore, only have taken under the deed to him, subject to the trust. But his deed to Dean was clearly color of title, and on Dean's part it was obtained in good faith; and since there was the requisite proof of possession, and payment of taxes thereunder, and the lapse of more than the period of seven years between the time Dean obtained it and the bringing of suit, the bar of the Statute of Limitations is complete as to all the parties except Harry C. Long, who was only twenty-one years and some odd months old when the suit was brought, and who, consequently, is within the saving clause of the act.

We are, therefore, of opinion that neither the errors nor cross-errors are well assigned, and the decree below is affirmed.

*Decree affirmed.*