10044

INEZ GIST *ET AL.* v. GIST *ET AL.*
(97 S. E. 240.)

1. WILLS—CONSTRUCTION—"CHILDREN TO BE BORN."—Under a will devising lands in trust to testator's son for the use of his children "born and to be born," children of a second marriage of the son are included within the term "children to be born."

2. PARTITION—PROPERTY SUBJECT—PREMATURE PARTITION.—Premature partition may be treated as a nullity and the land again made subject to partition.

Before SHIPP, J., Union, Fall term, 1917. Modified and affirmed.

Action by Inez Gist and others against W. H. Gist and others. Judgment for plaintiffs, and defendants appeal.

The following is the decree of presiding Judge Shipp, in the Court below:

Gov. W. H. Gist died in 1874, leaving a will, which had been executed about ten months before his death, which

contained the following provision: "I give and devise to my
son, David C. Gist, that tract of land in Union county,
known as D. C. Gist home place, being the upper part of my
Fair Forest tract containing about 1,600 acres, divided from
the lower portion of said tract by a line beginning on the
west side of Mitchell's Creek at a corner on land of James
Gist, deceased, running east across the Thomson Mill road to
a corner near said road, thence in a straight line to woods bot-
tom on Fair Forest Creek, thence along said creek to a bridge,
thence in a straight line to a gate on the Meansville road, and
thence back to Fair Forest Creek; in trust nevertheless
for the use of his children born and to be born, and their
heirs forever, with power to the said trustee to sell and con-
vey the said tract of land at any time before the oldest child
reaches the age of twenty-one years and invest the proceeds
thereof for the same uses."

At the time of the execution of the will, D. C. Gist had
had three children, the oldest about six years old. After-
wards a fourth child was born, and thereafter one of the
older children, David J. Gist, died, intestate. After the
death of said child, a fifth was born. Subsequently the
interest of D. C. Gist, inherited from his son, David, was
sold under execution and bought by Joseph Strauss, who
subsequently brought action *in re Joseph Strauss v. D. C.
Gist and others,* to subject said interest to execution.
Judge Wallace, in a decree bearing date August, 1883, held
that his inheritance was only an equitable interest until the
termination of the trust, and, until that time, could not be
reached by execution. This was held to be the time when
the oldest child became 21 years old. The decree provided
that the case could remain on the calendar until that time,
when the interest of D. C. Gist would be liable for his debts
under execution. Shortly after this time in the same pro-
ceeding, the land was partitioned among the children of D.
C. Gist, then living, the portion of David Gist, deceased,
being distributed between his father, D. C. Gist, and his

surviving brothers and sisters; and the portion awarded to
D. C. Gist was set off to him as a homestead against the
Stràuss judgment. It is the homestead on which the sur-
.viving widow and minor children of D. C. Gist reside, and
which the defendants ask shall be partitioned in this action.
In 1895 D. C. Gist was married to S. Addie Stein, who with
their six minor children are the plaintiffs in this action,
claiming an interest in the property. These minor children
by the second marriage, not being *in esse* when Judge Wal-
lace's decree was rendered, were not provided for by it, and
it is, of course, not binding upon them. Recently D. C.
Gist died, and this action was brought by the widow and
minor children of D. C. Gist to partition the lands under the
will of W. H. Gist.

The main issue in this cause is whether W. H. Gist
intended to provide in his last will for all his grandchildren
by D. C. Gist, "born and to be born;" or to restrict the pro-
vision to those, only, born before the oldest child became
21 years old. It is very clear to me that he intended to
provide for all such grandchildren. It is hard to conceive
words which more clearly indicate such intention than those
used in the will—"born and to be born." In *Mellichamp
v. Mellichamp,* 28 S. C. 125, 5 S. E. 333, the Supreme Court
held that such words included all the children who shall ever
come into existence. The defendants' counsel admitted in
argument that if the will stopped here all the children of
David C. Gist would take under the will, but claimed that
when his oldest child became 21 years old the power con-
ferred on David C. Gist to sell and reinvest the proceeds
ceased, the use was immediately executed, and those children
born before that time took the whole estate. I cannot so
hold. In *McNish v. Guerard,* 4 Strob. Eq., p. 66, a tract
of land was deeded to a father in trust for his children then
living and named in the deed, and such other children as may
be born of the body of his wife. The Court held that the
legal estate vested, not in the father, but in the existing

children named in the deed, but they took it subject to open
and admit such other children as his wife might have, and in
*Mellichamp v. Mellichamp,* 28 S. C. 131, 5 S. E. 336, after
holding that all the children who shall ever come into exist-
ence are included, says: "If, therefore, any mode can be
devised by which the manifest intention of the parties, as
expressly declared in this deed, can be carried into effect
without violating an ancient rule of the common law, deriv-
ing its origin from the feudal system, as Judge O'Neall
seems to think there can be, we think it should be adopted.
It will be observed that the deed here in question is not solely
to persons not *in esse* at the time of its execution, but there
were persons in existence then competent to take the estate
conveyed, and we do not see why the estate thus vested in
them may not, in order to effect the intention, open and let
in all of the class expressly mentioned in the deed as they
severally came into existence."

Had Gov. Gist intended to revoke the provisions thus
made for all his grandchildren and restrict the devise to
those born before the oldest child became 21 years old, he
would doubtless have done so in express terms. Had he
intended to restrict these provisions to the children of David
C. Gist by his first wife, he would doubtless have said so.
Had he intended the land to be partitioned when the oldest
child became of age, he could easily have so provided in the
will. See *Cooper v. Cooper,* 78 S. C. 317, 58 S. E. 950.
This he did not do, and we may not add those provisions
which he has omitted. Even if the use was executed in the
children living at that time, it did not, under *McNish v.
Guerard* and *Mellichamp v. Mellichamp,* cut off the after-
born children; and I cannot hold that, having already and
unequivocally devised to the after-born children shares in
his estate, he intended to revoke such devise by only taking
from the trustee the power to sell the land at his sole discre-
tion after the oldest child became of age and was competent
to participate in the management of the estate. The United

States Supreme Court, in *Smith v. Bell,* 6 Pet. 68, 8 L. Ed. 322, cited by the master, says, in substance, that all the classes of a will should be given effect if possible; and, therefore, when one clause is clear and the other is susceptible of two constructions, the latter should, if possible, be so construed as to leave the former of force. In our case of *Durant v. Nash,* 30 S. C. 184, 9 S. E. 19, the Court says: "The proper construction of a will depends upon the intention of testator, reached through the language used in the will, read in the light of surrounding circumstances, with the careful consideration of all its parts so that it shall stand together as a whole." I, therefore, find and conclude that the minor plaintiffs herein were included in the provisions made in the will and that the partition which excluded them from such partition was null and void.

It was under this partition that David C. Gist received a share of the land inherited from his deceased son, David J. Gist, and it was set off to him as a homested. The proceedings, therefore, in which his homestead was set off to him, being null and void, so much of the master's report as holds that the said homestead cannot be partitioned is hereby reversed.

It is hereby ordered and decreed that the parties to this action are entitled to a partition of the land described in the complaint, including the homestead set off to David C. Gist, according to their respective interests as set out in the pleadings.

*Messrs. Wallace & Barron* and *J. A. Sawyer,* for appellants, cite: *As to the proper construction of the will of Governor W. H. Gist:* 2 McC. and 2 Hill Ch. 638; 7 S. C. Eq. 214; 11 S. C. Eq. 638; 20 S. C. 283; 73 S. C. 469; 89 S. C. 508; 19 S. C. 350; 189 S. C. 198; 27 S. C. 484; 68 S. C. 335; 10 S. C. Eq. 311; 21 S. C. Eq. 1; 30 Am. & Eng. Ency. Law, 2d Ed. 724-5; 40 Cyc. 1473-80; 11 S. C. 480; 11 S. C. 1; 2 Jarman on Wills 156, 160, 178; 2 Fearne on Remainders (Ed. of 1845x),pp. 89-90, 94, 384; 10 Ves. 152;

11 Ves. 238; 2 McC. 440; vol. XXX Am. & Eng. Encyc. Law, 2d Ed., pp. 724-724; 28 N. H. 459; 17 Johns (N. Y.) 28; 5 R. L. 318; 11 Ves. Jr. 238; 8 Ves. Jr. 375; 10 Ves. Jr. 152; Theobald on Wills, Wnd. Ed. 251; 2 Jarman on Wills, 5th Am. Ed., pp. 712-720; 2 B. C. C. 352, 434, 732, 734; 34 Beav. 598; 40 Cyc., p. 1475-1477; 85 S. C. 54; 25 S. C. 358; 2 McCord Eq. 440; 2 Strob. Eq. 283; 28 S. C. 129; 4 Strob. Eq. 66; 16 Amer. Dec. 648; 40 Cyc. 1480; 1 Strob. Eq. 283; 2 DeSaus. Eq. 451. *As to homestead:* Hill L. P.

*Messrs. J. K. Hamblin* and *W. M. Jones,* for respondents. *Mr. Hamblin* cites : *As to the proper construction of the will of Governor Wm. H. Gist:* 28 S. C. 129; 35 S. C. 327; 39 S. C. 274; 71 S. C. 279; 64 S. C. 221; 100 S C. 226; 78 S. C. 317; 77 S. E. (Ga.) 158. *As to the trust not being exercised when the eldest child of David C. Gist arrived at the age of twenty-one years:* 3 S. C. 98-99 and 100; 128 S. C. 129; Bt. Hill Law, No. 19, p. 267; 10 S. C. Eq., Spear Eq. (17 S. C. Eq.) 579; 1 Spear (28 S. C. L.) 356; 1 McC. Ch. (6 S. C. Eq.) 233; 3 Rich. Eq. (24 S. C. Eq.) 467; 4th Rich. Eq. (25 S. C. Eq.) 475; 3 S. C. 98-99-100; 23 S. C. 512; 24 S. C. 313-14; 61 S C. 249-50; 16 S. C. 315; 4 McC. (15 S. C. L.) 453; 24 S. C. 513; 4 McC. (15 S. C. L.) 524; 2 Hill (11 S. C. Eq.) 49; 7 Rich. 80; 4 Rich. Eq., Syl. (25 S. C. Eq.) 475. *Even though the use was executed, the judgments should be affirmed:* 4 Strob. Eq. (23 S. C. Eq.) 56; 36 S. C. 354; 36 S. C. 390; 28 Am. and Eng. Ency. of Law, p. 933, together with footnote cited under No. 13, also p. 934; 4 Strob. Eq. (23 S. C. Eq.) 66-74; 1 Brev. (No. S. C. L.) 191; 12 L. R. A., p. 159; 71 S. C. 426; Lewis on Trusts, vol. II, pp. 841, 297; Schouler on Wills, p. 533; 2 Jarman on Wills, p. 72; 4 Rich. Eq. —; 25 S. C. Eq. 485; 53 S. C. —; 29 S. C. 135; 1 Hill Law (19 S. C. C. L.), p. 413; 4 Rich. Eq. 485; 28 S. C. 130.

July 18, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for partition. The defendants set up title in themselves. Their claim of title is based upon the following clause of the will of their grandfather, Gov. W. H. Gist, as stated in appellant's argument:

"The above stated case arises upon the construction of the will of the late Gov. W. H. Gist, made on the third day of December, 1873, and of record in the office of the probate Judge for Union county.

"The main question presented by this appeal arises upon the consideration of the clause of the said will reading as follows, to wit: 'I give and devise to my son, David C. Gist, that tract of land in Union county, known as the D. C. Gist home place (here describing same by metes and bounds); in trust nevertheless for the use of his children, born and to be born and their heirs forever, with the power of the said trustee to sell and convey the said tract at any time before the oldest of the said children reaches the age of twenty-one years and invest the proceeds thereof for the same uses.'"

David C. Gist, at the time of the execution of the will, and the death of his father, was married and has several children. There were other children born after the death of the grandfather and before the oldest child became 21 years old. The land was partitioned among the children of the first married. One of the children died. David C. Gist was in financial trouble, and a judgment creditor attempted to subject the interest of David in the share of the deceased child to the payment of his judgment. David claimed his homestead, and his interest was set off to him in this land. The wife of David died, and he married again. The plaintiffs are the children of the second marriage. The plaintiffs claim they take under the will and are included in the term "children to be born." The defendants deny this and claim

"children to be born" includes only those who were born before the "oldest of said children reached the age of twenty-one years."

The case was referred to a master, who held that the second set of children were included in the term "children to be born." The case was heard on Circuit by Judge Shipp, who affirmed, in an excellent decree, the report of the master, as to this finding. From this decree this appeal is taken.

There are 22 exceptions, but only 3 questions. Twenty of these exceptions, covering seven pages of the "case," raise the one question. Our modern Courts are trying to decide the real question in a case, and one exception is enough to raise and have decided that question.

The decree of his Honor, Judge Shipp, is clear, succinct, and fully sustained by the authorities cited by him. We would not heed our own suggestion if we attempted to restate his decree in different words. Let his decree be reported.

On the first question, to wit, are the children of the second mariage (the plaintiffs) included in the term "children to be born?" We say they are.

2. Appellants claim that his Honor erred in stating that there were five children of David by the first marriage and say that respondents concede it to be error. While respondents do not argue this question, we do not find that it is admitted of record. It is well, therefore, to refer it back to the master to find the facts and state the proportions in which the parties will take.

3. The next question relates to the partition of the homestead of David C. Gist. The appellant claims that, inasmuch as the Court has held that the partition was premature, it must be treated as a nullity and the whole land is subject to partition. This view is sustained by the recent case of *Pearson v. Easterling*, 97 S. E. 238, not yet officially reported.

The judgment as modified is affirmed.