## 10733

### GAINES *ET AL.* v. SULLIVAN *ET AL*

#### (109 S. E. 276)

1. DEEDS—DEED HELD TO GIVE REMAINDERMEN A FEE AS A COVENANT TO STAND SEIZED TO USES.—A deed conveying land to the grantor's daughter during her lifetime, but reserving a life estate to the grantor, and conveying such land on the death of the daughter to such of her children as might be then living, without any words of inheritance, will be construed as a covenant to stand seized to uses, and hence as passing a fee to the takers after the daughter.

2. DEEDS—CONDITION AGAINST ALIENATION HELD VALID AND NOT SUFFICIENT REASON SHOWN FOR DISREGARDING.—Where a mother, in conveying land to a daughter during her lifetime with a life estate reserved to the mother, and after the daughter's death to such of the daughter's children as might then be living, because of the thriftlessness of the daughter's husband, provided in the deed that the land should not be alienated during the daughter's lifetime, the condition was lawful, and must be respected unless there is a necessity for disregarding it, and it is not a sufficient reason for disregarding it that the husband will squander the income from part of the property and allow other property to deteriorate, and that it will be better for the contingent remaindermen to anticipate the enjoyment of their estate.

3. LIFE ESTATE—DECREE FOR SALE OF LAND AND REINVESTMENT NOTWITHSTANDING CONDITION AGAINST ALIENATION HELD TO CONTAIN IMPROPER PROVISIONS.—A decree ordering a sale of land conveyed notwithstanding a provision in the deed against alienation, and to a woman for life with contingent remainders to her children, directing a trustee to reinvest the proceeds in property to be taken in trust for the woman and two children, improperly provided that they should pay the taxes, insurance, and repairs, without providing what should be done if they failed to make such payments, as these provisions were not self-executing.

Before MAULDIN, J., Greenville, October, 1920. Reversed.

Action by Henrietta E. Gaines, Lillian Lewis and Nellie Jenkins against Mary Virginia Sullivan et al. Decree for plaintiffs and defendants appeal.

The decree ordered a sale of the property involved and payment of the net proceeds to a trustee and directed the

trustee to invest $8,500 thereof in a house and lot to be conveyed to him in trust to permit Mrs. Gaines to use and occupy it free of rent, but charged with repairs, maintenance, insurance, taxes, and assessments during her natural lifetime, and to purchase or build other houses and lots to be conveyed to him in trust for each of the two daughters of Mrs. Gaines subject to the same charges. It also contains provisions as to the title after the death of Mrs. Gaines.

*Messrs. Martin & Blythe,* for appellants, cite: *Deeds were not covenants to stand seized, but if they were, the statute would not execute the use, the trustee having duties to perform, and there being objects to be effected by the title remaining in the trustee:* 24 S. C., 313; 78 S. C., 150. *Fee remained in grantor:* 102 S. C., 370. *Where donor constitutes himself trustee such intention must clearly appear:* Pom. Eq. Jur. Sec. 997, 998. *Grantor here does not covenant to hold legal title in trust for grantee:* 54 S. C., 353. *In Watson case* (24 S. C., 228) *title was not to pass until death of grantor. Where deed conveys fee to grantee, reserving use to grantor for life, it negatives the idea of a covenant to stand seized:* 16 S. C., 136; 59 S. C., 560; Mills Con. Rep., 48. *In trust deeds if word "Heirs" is missing there must be words showing an intention to convey the fee:* 51 S. C., 557; 35 S. C., 314; 46 S. C., 363; 15 S. C., 284; 106 S. C., 245; 82 S. C., 539; 106 S. C., 17. *Courts will not change terms of a trust merely on the wish of the beneficiaries:* 112 S. C., 6; 101 S. C., 1. *Limitation of alienation is good:* 59 S. C., 151; 15 S. C., 440.

*Messrs. Cothran, Dean & Cothran,* for respondents. Oral argument.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The circuit decree contains this statement:

"John W. Stokes, a lawyer of the Greenville bar, and his wife, Mary K. Stokes, owned a considerable amount of real estate, a part of it was a lot in the city of Greenville, and the remainder farming land in the country. They had three children, daughters, Mrs. Gaines, Mrs. Sullivan and Mrs. Hunter.

"Beginning as far back as 1877 and extending as late as 1893, Mr. and Mrs. Stokes made sundry several conveyances, deeds of gift, to their three daughters. Those deeds are described in the complaint and need not again be described in this decree, except certain clauses therein which are involved in this controversy and which will be more particularly referred to hereinafter.

"The conveyances to Mrs. Hunter were in fee simple without any conditions or limitations; they are not here involved. The conveyances by Mary K. Stokes to Mrs. Gaines were three in number and require more particular description."

Each of the deeds forbade the sale of the land during the life of Mrs. Gaines. This action is brought to construe the deeds and seeks a sale of some of the land, notwithstanding the prohibition.

"The conveyance was to 'Henrietta E. Gaines during her lifetime only and on the condition hereinafter set forth.' It contains the proviso: 'That said tract of land shall be held, used, and exclusively employed by my said daughter for the annual or yearly support of herself and her children jointly during the natural life of my said daughter, the rents, issues, profits, and income to be paid to her individually and personally and to no one else every year and on her own personal receipt for the same. The said tract of land shall not be sold or alienated in any manner or form whatever by my said daughter or any other person during her natural life, nor be liable for her debts or the debts of

herself and children or any of them.' It contained also the following provision, and it is the only one of the three deeds that does: 'If the said land should be sold, alienated, or disposed of in the lifetime of my said daughter, or if any attempt should be made by process of law to subject said tract of land or the rents, issues, profits, or income of the same to the payment of the debts of my said daughter and her children or those of either or any of them, then in either event as alternative said tract of land shall revert to my estate and become a part and parcel of my estate.' It also contained the following limitation: 'I give and convey said tract of land on the death of my said daughter to such of her children as may survive her or be living at her death, share and share alike, with a provision for representation by children of such child as might die in the lifetime of Mrs. Gaines. It contained this reservation: 'I hereby reserve unto myself the use and enjoyment of the rents, issues, and profits of said land and the absolute control and management of said tract of land during my natural life.' This conveyance was dated July 23, 1883."

The appellant claims that the deed provides for only a life estate, first in Mrs. Gaines, and a life estate in her children. The respondent claims that the deed is a covenant to stand seized to uses, and the takers after Mrs. Gaines take a fee.

The appellation "a covenant to stand seized to uses" was in its origin a pure fiction, created to avoid the great hardship that followed inexpert conveyancing in which words of inheritance were ignorantly or negligently omitted. Whatever its origin, it is now well established as a rule of property. Its use in this case is preeminently just. The deed carries a fee to the takers after Mrs. Gaines. It seems that Mr. and Mrs. Stokes determined to divide their property between their children. They intended to part with the whole estate, reserving to themselves a life estate only. Beyond this life estate there

was another life estate to the daughter, Miss Gaines. Mrs. Gaines was given two plantations in the country and a house and lot in the city. It appears from the record that in their judgment Mrs. Gaines was fixed for life. She had a good home and an income. That is, Mrs. Gaines was safe for life, provided her "thriftless" husband did not induce her to dispose of the property. That was the danger. In order to guard against that danger, a sale was forbidden in Mrs. Gaines' lifetime. It is conceded that Mrs. Gaines has a "thriftless" husband. This husband is to be guarded against, and the defense of the daughter is to forbid the sale in the daughter's lifetime. The Court is now asked to put its judgment against the judgment of the grantor, who owned the property and had the right to give it away absolutely, or with conditions. Mrs. Stokes gave the property with the condition that it should not be sold during a life in being. The condition was lawful and must be respected and upheld, unless there is a necessity. No necessity has been shown. The reasons urged are two, i. e.: (a) The thriftless husband will squander the income from the plantations and allow the city property to deteriorate; (b) it will well serve the contingent remaindermen to anticipate the enjoyment of their estate. Neither of these amounts to a necessity.

In no event can the plan provided for in the decree be approved. Writing into a decree that those who occupy the new bought houses (even if the hazardous scheme of building be not adopted) shall pay taxes, insurance, and repairs are not self-executing provisions, and if they do not do so as directed, what then? While legal proceedings are being perfected to enforce the decree, the houses may burn down, uninsured, and the land sold for taxes, and another sale may be necessary to make repairs.

The decree, in that it provides for a sale of the property in anticipation of the time set in the deed, is reversed.

MR. JUSTICE COTHRAN disqualified.