I concur in the result of the opinion of the Chief Justice in this case, but upon a different line of reasoning, which I shall present.
Action for partition. The controversy turns upon the construction of a certain deed executed by W.W. Hamilton, Sr., March 27, 1900, by which a tract of land containing 180 acres was conveyed; to whom, and upon what limitations, are the questions.
The consideration stated in the deed, is $100 and natural love and affection. The granting clause is "unto the said W.W. and W.R. Hamilton and to their children after my death and not before." The granting clause contains also the following, after a description of the tract containing 180 acres, more or less:
"To be divided between the said W.W. Hamilton and W.R. Hamilton equally, each one-half. The said W.W. Hamilton to have the upper or western half and W.R. Hamilton to have the lower or eastern half."
The habendum is:
"Unto the said W.W. Hamilton and W.R. Hamilton, their children, their heirs and assigns forever, after my death."
The warranty is:
"Unto the said W.W. and W.R. Hamilton and to their children and theirs heirs and assigns." *Page 133 
At the time of the execution and delivery of this deed, neither W.W. Hamilton nor W.R. Hamilton, who were sons of the grantor, had any children. Within a short time thereafter, exactly when does not appear in the record of the appeal, but before the death of W.R. Hamilton in 1903, there was an actual division of the 180 acres between the two sons, and each was put into possession, by the grantor of the particular subdivision indicated for him in the deed: W.R. Hamilton going into possession of the lower or eastern half, and W.W. Hamilton of the upper or western half. This division appears to have been confirmed later, in 1915, by a survey and plat, made by a surveyor, under the direction of the grantor.
W.R. Hamilton died in 1903, intestate, without ever having had any children born to him, and leaving a widow, who has since died, leaving a number of collateral heirs.
W.W. Hamilton died in 1918, intestate, leaving a widow and several children.
W.W. Hamilton, Sr., the grantor, died in 1919, intestate, leaving as his heirs at law the children and grandchildren named in the complaint.
The complaint is not set out in the record for appeal, and it is not quite clear that both of the tracts, subdivisions of the 180 acres allotted to W.W. Hamilton and W.R. Hamilton, are involved in the partition suit; but inasmuch as the Circuit Judge held that the upper or western half is the separate property of the children of W.W. Hamilton, and makes no decree of partition as to it, and the single exception raises the question only as to the correctness of his decree holding that the deed conveyed to W.R. Hamilton an estate in fee conditional, it is assumed that only the interest of W. R. Hamilton under the deed is to be determined upon this appeal.
The manifest intention of the father was to divide the 180-acre tract equally between his two sons, and to convey to each a particular subdivision of it. This purpose he evidently *Page 134 
supposed could be accomplished by the execution of a single deed instead of a separate deed to each one, for the particular subdivision intended for him. Whether or not this purpose was legally effectuated by the single deed, we are not called upon to decide, as the case has been presented by both sides as if the grantor had made two separate deeds; the one conveying the upper or western half to W.W. Hamilton, and the other the lower or eastern half to W.R. Hamilton, with the limitations contained in the single deed applicable to each. There is no contention that by the deed either son took immediately any interest in the other's subdivision.
The matter then being confined to a determination of the interest of W.R. Hamilton under the deed, it will perhaps present a simpler face to consider it as if the granting clause had been "to W.R. Hamilton and to his children, after my death but not before"; the habendum "to W.R. Hamilton, his children, their heirs and assigns"; and the warranty "to W.R. Hamilton and to his children, and their heirs and assigns."
What interest then did W.R. Hamilton take under the deed, a fee simple or a fee conditional?
The contest is between the heirs at law of the grantor, W. W. Hamilton, Sr., and the collateral heirs at law of the widow of W.R. Hamilton, in reference to the subdivision which was allotted to W.R. Hamilton.
The heirs of the grantor, his children and grandchildren, contend that the deed conveyed to W.R. Hamilton a fee conditional and that upon his death without ever having had any children born to him the estate reverted to the grantor, and upon his death vested in them as his heirs at law.
The heirs of the widow of W.R. Hamilton, on the other hand, contend that the deed conveyed to W.R. Hamilton a fee-simple title; that upon his death in 1903 the estate vested in his heirs at law, who were at that time the widow, the father, and the brothers and sisters, in the proportions of one half to the widow and the other half to the other heirs at *Page 135 
law; and that upon the death of the widow, her title to one-half vested in them, her collateral heirs.
So that the question is whether the heirs of the grantor shall take the whole of the W.R. Hamilton subdivision, or only one-half of it; the other half going to the collateral heirs of W.R. Hamilton's widow.
The primary question in the case is whether or not the granting clause in the deed, considering it as a conveyance "to W.R. Hamilton and to his children," there being no children in existence at that time or afterwards, carries a complete estate, a fee conditional, to W.R. Hamilton. If it does, that ends the controversy, for a complete estate conveyed by the granting clause cannot be enlarged or cut down by any superadded provision in the granting clause itself, in the habendum, in the warranty, or elsewhere in the deed.
The granting clause should contain the nerve, the vital force, of the deed. In many cases, however, it does not do so, but omits words of inheritance or other expressions legally sufficient to carry a complete estate to the grantee. In such case resort may be had to the habendum for the purpose of defining, qualifying, controlling, or enlarging the indefinite estate contained in the granting clause. Thus a grant to A., without words of inheritance, conveys only a life estate; and should the habendum be "to A. and his heirs," the habendum completes the estate, a fee simple, which would fail for indefiniteness otherwise. McLeod v. Tarrant, 39 S.C. 271;17 S.E., 773; 20 L.R.A., 846; 3 Wn. R.P. (5th Ed.), 466.
"When there are no words of inheritance in the premises, in which case the grantee would take only a life estate by implication, there resort may be had to the terms of the habendum to ascertain the quantity of the estate intended to be conveyed, and these terms may, if sufficient, rebut the implication."McMichael v. McMichael, 51 S.C. 555;29 S.E., 403. *Page 136 
But when the granting clause conveys a complete estate, there is neither necessity for nor propriety in resorting to the habendum. Ingram v. Porter, 4 McCord, 198. Pitts v.Mangum, 2 Bailey, 588. Crawford v. Lumber Co., 79 S.C. 166;60 S.E., 445.
It is contended by the heirs at law of the grantor, W.W. Hamilton, Sr., that by force of the rule in Wild's Case, 6 Coke, 16, W.R. Hamilton took a fee conditional, and that the apparent fee simple conveyed in the habendum is ineffective.
In Tiffany, Real Prop. (Ed. 1912) 58, the author very clearly draws the distinction between a conveyance to one and his children and a devise of the same import, when there are no children in esse at the time. He says:
"As the word heirs is necessary in a conveyance to create a fee simple, so it is necessary to create a fee tail, * * * and consequently a grant to a man * * * and his children, gives an estate for life only. * * * A deed to A. and his children cannot, at common law, convey an estate tail, and the word `children' can have no effect as a word of limitation, defining the interest A. is to take, and must take effect, if at all, as a word of purchase, generally giving the children of A., living at the time of the grant, a joint interest with A. in the property. But in the case of a devise to A. and his children as distinct from a deed, as there is a presumption that the word `children' is one of purchase, and not one of limitation this presumption is not conclusive; and if the context shows that the word was used in the sense of heirs of the body, the devise will create an estate tail.
"An intention that the word shall take effect as a word of limitation, and not as one of purchase, is presumed from the fact that A. has no children at the time of the devise, since otherwise his children would take nothing, and in such case, at common law, A. takes an estate tail, this being the rule in Wild's Case, frequently referred to" — a very clear indication that the rule has no application to estates conveyed by deed. *Page 137 
In the case of Sease v. Sease, 64 S.C. 216; 41 S.E., 898, the deed was construed as if it had read, in the granting clause, "To A. and his children," and in the habendum, "To A. and his children, their heirs and assigns." At the time of the execution and delivery of the deed, the grantee had three living children. The Court held that A. and his children,in esse at the time of the execution and delivery of the deed, took the property as tenants in common (joint tenants?). The obvious distinction between that and the case at bar is that at the time of the execution and delivery of the deed W.R. Hamilton had no children.
If this had been a will and not a deed, there can be no doubt but that the rule in Wild's Case, 6 Coke, 16, would have vested in W.R. Hamilton a fee conditional. As the Court says in the case of Johnson v. Johnson, McMul. Eq., 345:
"As is said in Wild's Case, 6 Co., 16, which has been followed as familiar law ever since, that if lands are devised to A and his children, who has children living at the time, they will take as joint tenants or tenants in common; but if it be to A. and his issue, or children, and he have no children, he will take an estate tail," which under our law is a fee conditional.
In that case the bequest was to Mrs. Johnson "and to her children after her." The Court said:
"There can be no doubt that the words are such as would give an estate tail in real property in England."
In the case of Dillard v. Yarboro, 77 S.C. 227;57 S.E., 841, the terms of the granting clause are not given; it may be assumed that they were simply "to `May S. Yarboro.'" The habendum was, "Unto the said May S. Yarboro, her and her children and her assigns forever." The grantee had no children at the time of the execution and delivery of the deed. She conveyed the property to the plaintiffs, and they secured also a deed from her grantor, conveying whatever interest he might have in reversion (upon the theory that the *Page 138 
deed conveyed a fee conditional) to them. The Circuit Judge held that the word "children," in the habendum, was inserted by mistake, and that the word "heirs" was intended by both grantor and grantee. In effect he reformed the deed accordingly, and held that it conveyed a fee simple to the grantee; and that it was not necessary to decide whether or not it conveyed a life estate to the grantee and her children, or a fee conditional to the grantee, as all possible reversionary interest, in either case, was vested in the grantor, and he had conveyed it to the plaintiffs. Upon appeal, this Court, in an opinion by the present Chief Justice, did not agree with the construction of the Circuit Judge, but held that the deed conveyed a fee conditional to the grantee, and that although she had conveyed the property before the birth of issue, the deed from her grantor, subsequently made to her grantees (the plaintiff), conveyed his possible reversionary interest, and gave the plaintiffs a good title. The conclusion that the grantee took a fee conditional under the deed was based upon the fact that she had no children at the time of its execution and delivery; that greater liberality is allowed in the construction of wills than of deeds; and that as the limitation in a will, under Wild's Case, could have been construed as conveying a fee conditional, a fortiori, the same construction would be given when it was contained in a deed. This is practically a holding that the rule in Wild's Case is equally applicable to a deed as to a will.
The Dillard v. Yarboro Case has received the apparent approbation of this Court in the following cases: Williamsv. Gause, 83 S.C. 265; 65 S.E., 241. Holley v. Still, 91 S.C. 487;74 S.E., 1065. Pearson v. Easterling, 104 S.C. 181;88 S.E., 376. Lawrence v. Burnett, 109 S.C. 417;96 S.E., 144 — in all of which, however, the case then under consideration was differentiated from the Dillard v. YarboroCase. No direct authority has been either cited or discovered, justifying the Court in extending the rule in Wild's Case to a similar provision in a deed. *Page 139 
I am not disposed to follow the inferential application of the rule in Wild's Case to the constructions of deeds, apparently approved in the Dillard v. Yarboro Case, for several reasons: (1) No direct authority from any decided case or text-writer has been produced or discovered, justifying such application; (2) as appears from the quotation above from Tiffany, the difference between a deed and a will is so marked as to demand a distinction in this regard, and to render impossible the application of the rule equally to each; (3) under the Mellichamp Case, hereinafter discussed, the deed should have been construed as conveying the estate to May S. Yarboro as trustee for herself and afterborn children.
If the Dillard v. Yarboro Case is to be followed, I think that the result is inevitable that W.R. Hamilton took a fee conditional, created in the granting clause by force of the rule in Wild's Case, which was not, and could not have been, enlarged into the inconsistent estate of a fee simple.
In Mellichamp v. Mellichamp, 28 S.C. 125; 5 S.E., 333, the conveyance was "to `Marion R. Mobley and the children she already has and may hereafter bear by her husband, * * * her or their heirs and assigns.'" The grantee had at the time several living children. One child was thereafter born. The question arose whether or not this after-born child was entitled to share in the estate. It was contended by the adverse side that although the intention was plain to include after-born children, the deed could not be given such effect because it would violate the well-established rule of law that "a freehold estate cannot be limited to commence infuturo," and that therefore, as the child was not in existence when the deed was executed, it could never afterwards have the effect of vesting any estate in him. The Court cited a list of South Carolina cases supporting this view, but adds:
"Now while in all of these cases the after-born children were excluded, it was because the Court held that the terms of the instrument — deed or will — did not show an intention to include the after-born children, and not because such *Page 140 
children could not take under the rules by law. On the contrary, it is plainly implied in all of these cases that if the language used had shown an intention to include after-born children, such would have been the effect."
The Court accordingly adopted the suggestion of Judge O'Neall in the case of Hall v. Thomas, 3 Strob., 101, that at law the legal estate was in the grantee Marion R. Mobley, and that in equity she could be regarded as a trustee of a springing or shifting use, first for herself and second for herself and the children living and after-born.
The controlling question was whether or not the deed indicated an intention to provide for after-born children. In the Mellichamp Case there could have been no doubt as to that question, for they are expressly mentioned. In the case at bar there is equally as little doubt, for at the time there were no children, and if after-born children were not to be provided for, the provision is utterly senseless.
It seems plain therefore that at law the legal estate was in W.R. Hamilton in fee simple; in equity he held it as trustee for himself and after-born children.
See, also, Folk v. Hughes, 100 S.C. 220; 84 S.E., 713.Gist v. Gist, 111 S.C. 184; 97 S.E., 240. McIntosh v.Kolb, 112 S.C. 1; 99 S.E., 356. Holeman v. Fort, 3 Strob. Eq., 66; 51 Am. Dec., 665. Reeves v. Cook, 71 S.C. 275;51 S.E., 93. Dean v. Long 122 Ill., 447;14 N.E., 34 (a very instructive opinion).
Another view of the matter: The deed contains all the elements of a covenant to stand seized: (1) Consideration of love and affection the fact that it contains also a money consideration, $100, does not affect the question, Chancellorv. Windham, 1 Rich., 161; 42 Am. Dec., 411. Kinsler v.Clark, 1 Rich., 170. (2) Blood relationship. (3) Enjoyment of the fee simple in the future. (Both of the facts that the children were to be born, and that the interest was subject to a life estate in the grantor, establish this element.)Watson v. Watson, 24 S.C. 228; 58 Am. Rep., 247. Bank *Page 141 v. Dominick, 116 S.C. 228. Gaines v. Sullivan, 117 S.C. 475;109 S.E., 276. Dawson v. Dawson, Rice, Eq., 184.
The effect of this construction would be that W.W. Hamilton, Sr., the grantor, held the legal estate as trustee for W. R. Hamilton and the after-born children, if any. "By such a covenant, an estate may be limited to a person not in esse, if within the considerations of blood or marriage." Adamsv. Ross (N.J.), 1 Vroom, 505; 82 Am. Dec., 237.Fearne, Rem., 288; Chedington's Case, 1 Coke, 154a; IPreston, Est., 172, 176. Doe v. Martin, 4 Term, Rep., 39.Folk v. Hughes, 100 S.C. 220; 84 S.E., 713. W.R. Hamilton having died without children, the trustee then having no duty to perform, the statute would execute the use in the heirs of W.R. Hamilton. The result is the same as if W. R. Hamilton should be considered a trustee under the decision in the Mellichamp Case.
I think, therefore, that the result of the leading opinion is right, and that the decree should be reversed.