## 9363

### PEARSON v. EASTERLING ET AL.

(88 S. E. 376.)

1. WILLS—"HEIRS OF THE BODY."—The words "heirs of the body" mean all lineal descendants to the remotest posterity, unless the instrument shows they were used in a restricted sense, as to indicate "children."

2. WILLS — RULE IN SHELLEY'S CASE — WORDS OF DISTRIBUTION. — The words "to each an equal share," standing alone, are not sufficient to show an intention on the part of the testator to use the words "heirs of the body" in the sense of "children."

B. WILLS—CONSTRUCTION—GIVING EFFECT TO ALL PARTS.—An interpretation which will give force and effect to all the provisions of an instrument is preferable to one which will destroy one or more of its provisions.

4. WILLS—WORDS OF PURCHASE OR LIMITATION—"HEIRS OF THE BODY." —In the devise of one "during the term of her natural life and at her death to the heirs of her body, to each an equal share, the children of any deceased child representing the parent," the words "heirs of her body" are to be construed to mean "children," and regarded as words of purchase.

5. WILLS—LIMITATION OVER—ISSUE OF PERSONS DECEASED.—Where lands are devised to one "during the term of her natural life and at her death to the heirs of her body, to each an equal share, the children of any deceased child representing the parent," and the devisee of the life estate dies leaving several children, and also a grandchild, who is the son of her daughter, who was living at testator's death, but who dies before devisee, the grandchild takes as executory devisee an interest in the lands and a share of the rents and profits.

6. REMAINDERS—EXECUTORY DEVISEE—BARRING.—An executory devisee derives his rights directly from the testator, and no party holding under the will can destroy his rights by merger or otherwise.

Before WILSON, J., Bennettsville, May, 1915.   Modified and affirmed.

Action by Harris P. Pearson, by his guardian, against H. T. Easterling and others.   Plaintiff appeals from the judgment.

FOOTNOTE.—See note on rule in Shelley's case in 29 L. R. A. (N. S.) 968 to 1158.

*Messrs. J. K. Owens, Townsend & Rogers* and *J. W. LeGrand,* for appellant. Mr. Owens cites: *As effect to be given to testator's intent:* 7 U. S. L. Ed. 377; 4 S. C. 76; 19 S. C. 345; 10 S. C. 386. *Limitations of estates:* 74 S. C. 42; 52 S. C. 554; 3 Hill 193; 1 Strob. Eq. 344; 3 Rich. Eq. 559. *Rule in Shelley's case:* 1 Strob. Eq. 346; 3 Rich. Eq. 576; 1 Rich. Eq. 141; 16 S. C. 220, 297; 76 S. C. 484; 12 L. R. A. (N. S.) 292; 3 Rich. Eq. 541; 23 S. C. 42; 100 S. C. 220; 95 S. C. 276; 52 S. C. 554; 102 S. C. 177; 11 Rich. Eq. 395; 102 S. C. 7.

*Messrs. D. D. McColl, Edward McIver, W. P. Pollock* and *Stevenson, Stevenson & Prince,* for respondents. Mr. McColl cites: *As to contingent remainder:* 24 A. & E. Enc. of L. 396, 397 and 393; 44 S. C. 504; 56 S. C. 155; 72 S. C. 179; 27 S. C. 479; 69 S. C. 285. *As to merger:* 74 S. C. 42; 24 A. & E. Enc. of L. 409; 16 S. C. 155; 16 S. C. 330; 16 Cyc. 655 and 656; Tiffany R. P. 297; Blackstone, Com. 177; Kent, Com. 254. *As to executory devise:* 24 A. & E. Enc. (2d ed.) 416; 18 S. C. 402. *Rule in Shelley's case:* 1 Bay 453; 1 Hill Ch. 35.

March 29, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This action involves the construction of a will. William C. Easterling died in 1866, leaving of force a last will and testament, bearing date the 26th of January, 1863, whereby in the first paragraph thereof he devised the lands in dispute to his wife, Martha Ann Easterling, to have and to hold during the term of her natural life. And whereby in the second and third paragraphs thereof he devised to his daughter, Mary Ann Easterling, wife of Dr. H. R. Easterling, the lands in dispute, "without being in anywise subject to debts or contracts, now existing, or which he may create hereafter, during the term of her natural life, and at her death, that

they (the lands) descend to the heirs of her body, to each an equal share, the children of any deceased child representing the parent."

It seems that Martha Ann' Easterling, the wife of the testator, survived him but a short time; but this is immaterial, as her rights under the will are not involved. Mary Ann Easterling and Dr. H. R. Easterling had eleven children. The following table gives the dates and births, that have taken place in the family:

"1. Margaret Pauline Easterling, born October 7, 1860. Died October 25, 1873.

"2. Gilmore Simms Easterling, born February 5, 1868. Died June 21, 1888.

"3. Harris R. Easterling, born November 23, 1877. Died December 6, 1900.

"4. Mary Elizabeth, or Bettie Pearson, born November 15, 1863. Died December 16, 1900.

"5. Keitt E. Easterling, born August 17, 1870. Died February 22, 1905.

"6. Robert J. Easterling, born November 27, 1872. Died October 23, 1911.

"Death of Parents: Dr. H. R. Easterling, died May 23, 1911; Mrs. Mary A. Easterling, died May 7, 1912.

"Living Children:

"1. Mattie A. Pearson, born April 21, 1862.

"2. W. C. Easterling, Jr., born February 17, 1866.

"3. F. M. Easterling, born February 5, 1868.

"4. Henry T. Easterling, born December 15, 1875.

"5. A. G. Easterling, born May 18, 1882."

The only one of the deceased children above mentioned who left issue was Bettie Pearson, whose only child is Harris P. Pearson, the plaintiff, who was born during the year 1893. We have already stated that Bettie Pearson died in 1900, and that Mary Ann Easterling, the life tenant under the will, died in 1912.

In his decree his Honor, the presiding Judge, says:

"The sole inquiry is whether or not the superadded words, 'to each an equal share, the children of any deceased child representing the parent,' have the effect of showing that the words 'heirs of the body' are not to be regarded as words of limitation, or as indicating the intention of the testator that they should take as a new stock of inheritance."

He then proceeds to discuss the question in the light of the authorities, and reaches the conclusion that this case is governed by the rule in Shelley's case, and, therefore, that the plaintiff is not entitled to relief.

The words "heirs of the body" means all lineal descendants to the remotest posterity, unless the instrument shows they were used in a restricted sense, as to indicate "children." *Holman* v. *Wesner,* 67 S. C. 307, 45 S. E. 206; *Williams* v. *Gause,* 83 S. C. 265, 65 S. E. 241.

The words "to each an equal share," standing alone, are not sufficient to show an intention on the part of the testator to use the words "heirs of the body" in the sense of "children." *Simms* v. *Buist,* 52 S. C. 554, 30 S. E. 400.

But they must be construed in connection with other words of the will, indicating an intention on the part of the testator that they were to be regarded as words of purchase, and not of limitation; as the rule is that a will must be construed in its entirety in order to determine the meaning of any part thereof.

In the case of *Dillard* v. *Yarboro,* 77 S. C. 227, 57 S. E. 841, involving the construction of a deed, the word "children" was construed as a word of limitation, and to mean "heirs of the body," in order to carry into effect the intention of the grantor. In the interpretation of wills even greater latitude is allowed than in cases of deeds. The following language is used in the case just mentioned:

"As wills are construed with more liberality in carrying into effect the intention of the testator than in cases involv-

ing the construction of deeds, there is a stronger reason for holding that the children named in the deed herein did not take any interest as such. Under such circumstances the word 'children' must be construed to mean 'heirs of the body,' by which an estate tail at common law and a fee conditional in this State is created."

It is a familiar and well recognized principle that an interpretation is to be preferred which will give force and effect to all the provisions of an instrument, rather than one which will destroy one or more of its provisions.

If the words "heirs of the body" should be construed to mean "children," then every provision of the will can be given full force and effect; whereas, if they are not so construed, then the words "to each an equal share" and "the children of any deceased child representing the parent" will be rendered meaningless and nugatory. It is difficult to conceive of a case in which it would more clearly appear that the words "heirs of the body" were intended to indicate "children," unless the testator should state in express language, that they were so intended.

Our conclusion, therefore, is that his Honor, the Circuit Judge, erred in his construction of the said provision of the will.

Having reached this conclusion, the next question to be determined is its effect upon the rights of the plaintiff.

In the case of *Rutledge* v. *Fishburne,* 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757, the Court had under consideration a devise by a testator "unto my said daughter, Sophia Sheppard Marion, for life not subject to the debts of her husband with remainder to her children, share and share alike, the child or children of a deceased child to represent and take the parent's share." Mrs. Fishburne, the daughter of Mrs. Marion, the life tenant, was *in esse,* when Mrs. Wilson, the testatrix, died. The question was as to the

right of the child or children of a deceased child.   The Court said:

"Under the foregoing clause of the will, Mrs. Fishburne took a vested transmissible interest in remainder.   If other children should be born unto Mrs. Marion, the remainder now vested in Mrs. Fishburne would open so as to embrace such children.   If Mrs. Fishburne should die leaving no children, her vested interest would not revert to the estate of Mrs. Wilson (testatrix), but would descend to her (Mrs. Fishburne's) heirs generally, and be subject to distribution under the statute, just as any other property of which she might die seized and possessed.   If, however, she should die leaving children at the time of her death, they would take, by substitution or executory devise, the interest which she otherwise would have taken."

The Court then proceeded to determine in what manner such children would take under the will, whether as contingent remaindermen or as executory devisees, and reached the conclusion that they would take by way of executory devise.

The case just mentioned and the one under consideration are so similar that we do not deem it necessary to cite other authorities, to show that Harris P. Pearson, the plaintiff, took as an executory devisee under the will.

Having reached this conclusion, it is unnecessary to cite authorities to show that Harris P. Pearson, derived his rights directly from the testator, and that neither Bettie Pearson, his mother, nor any other party holding under the will, had the power to destroy his rights by merger or in any other manner.   Under our construction of the will, the plaintiff has an interest in all the lands devised by the testator, and to a share of the rents and profits.

In all other respects the judgment of the Circuit Court, for the reasons therein stated, should be affirmed.

It is, therefore, the judgment of this Court that the judgment of the Circuit Court be modified in the particulars hereinbefore mentioned.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK concurs in the result.