## 11237 *

### CAYCE LAND CO. v. GUIGNARD

(117 S. E., 644)

1   WILLS—WILL LEAVING PROPERTY TO GRANDSON WITH REVERSION TO LEGATEE'S FATHER UPON DEATH OF LEGATEE WITHOUT ISSUE CONSTRUED.—Where a will gave land to the testator's grandson but provided that if he died without issue the land was then to go to the devisee's father, son of the testator, "the same as other property" which under a residuary clause was given to the testator's son "and his children and lawful heirs of his body," and the son did die without issue several years after his father's death, leaving six sisters, *held,* that the grandson, in addition to his defeasible fee in all, did not take a fee simple to one-seventh of the remainder, but that the sisters as heirs of their father took each an undivided one-sixth interest in the land, rather than an undivided one-seventh, and that upon the death of the grandson without issue the executory interest in fee simple limited upon the happening of that contingency passed to and vested in the other children.

2.  PARTITION—NOT BARRED BY PLAINTIFF'S LACK OF SUFFICIENT INTEREST.—In an action of partition, defended on the ground that plaintiff had no title which could be lawfully asserted against defendant, effect of various conveyances *held* insufficient to establish that plaintiff's title was not so impressed with a trust in favor of third parties as to preclude its bringing the action, particularly where defendant did not claim under such third parties, or any interest under the alleged trust.

3. ESTOPPEL—EVIDENCE HELD TO SUSTAIN COURT'S FINDING AGAINST
DEFENDANT'S CONTENTION OF COMMON SOURCE OF TITLE ESTOPPING
PLAINTIFFS.—Evidence *held* to sustain Court finding that funds used
by plaintiff to purchase interests of executory devisees were his
own, and were not derived from sales of interest in a prior de-
feasible fee in the same land by a trustee under whom defendant
claimed, and that hence there was no estoppel of plaintiff to assert
title.

Before MOORE, J., Lexington, February, 1922.    Affirmed.

Action by Cayce Land Co. against G. A. Guignard.
Judgment for plaintiff and defendant appeals.

The following is the decree of the circuit judge referred
to in the opinion:

The above-entitled cause came up before me by agree-
ment of the parties during the holding of the term of the
general sessions for Lexington County, and with the con-
sent of counsel for the plaintiff and the defendant it was
agreed that it should be taken up before me at Columbia
on a subsequent day, which was done.    Full argument was
heard for the plaintiff and the defendant.

My conclusion is that the report of the special Master
should be affirmed with the following exceptions:

(1) I find that when Wilie Jones took the deed from
R. W. G. Cayce and James Cayce he went immediately into
possession of the land and he took the same subject to the
trust under which the said R. W. G. Cayce and James
Cayce had held the same; that is to say, for the benefit
of the remaindermen under the will of John Bryce upon
the termination of the fee defeasible, which had been in
John Campbell Bryce but had been purchased by R. W. G.
Cayce and James Cayce at the sale, in the case of *Hope
v. Bryce* and others.

(2)    My conclusion also is that the funds paid for the
purchase of the property in question from the remainder-
men under the will of John Bryce were raised by T. Hugh
Meighan individually for the benefit of himself, W. A.

Clark and Wm. H. Lyles, and that the defendant, Guignard, can claim no benefit by virtue of a trust resulting to the heirs-at-law of John N. Long.

The referee in my opinion was correct in his conclusion that the only trust created by the declaration of Wilie Jones was for the benefit of Long and the Carolina National Bank, and that it applied only to the estate which was conveyed by R. W. Cayce and James Cayce to Wilie Jones. The subsequent sale to the Seaboard Air Line Railway Company clearly embraced not only the fee defeasible, which was conveyed to Wilie Jones, but the remainders under the will of John Bryce, which were to be purchased before the Seaboard would take the property, and it cannot be said that the proceeds of sale to the Seaboard were proceeds only of the sale of the fee defeasible

The estate which is now claimed by the Cayce Land Company is no part of the fee defeasible which was conveyed by R. W. and James Cayce to Wilie Jones, but is an estate in remainder in succession to the fee defeasible so conveyed. The plaintiff does not claim through Wilie Jones or any conveyance made by him. Moreover the deed from Wilie Jones to W. J. Cayce contained only a limited warranty; that is, against any act of himself or his heirs. This was a proper warranty when he held only a fee defeasible. It protected the purchaser against the judgment, conveyance, or other act of Jones, impairing the fee defeasible conveyed to him, but it was not intended to nor did it protect the purchaser from any right outstanding at the time of the conveyance to Wilie Jones.

I also overrule the referee's conclusion that the defendant, Guignard, is entitled to a compensation for improvements found upon the square acre of land at the time of the commencement of this action. It does not appear by whom the improvements were put upon the property nor does it appear how much those improvements add to the present value of the property. It is clear, however, that

It is therefore ordered that the defendant, Guignard, do appear before R. E. Carwile, Esq., special referee, and make a complete and perfect showing as to what lands are now or have been in his possession which constituted a part of the original Bryce tract of land lying north of the right of way of the Southern Railway Company and that the said R. E. Carwile, special referee, be authorized and directed to have a survey made thereof with a plat thereof, and that the plaintiff have leave to apply at the foot of this decree for further orders with reference to that part of the land.

It is ordered, adjudged, and decreed that the defendant, Guignard, do pay the costs of this action, and that he do account for the rental value of the said lands occupied by him, since the death of the tenant in fee defeasible, John Campbell Bryce, which occurred in the year 1915.

Leave is granted to any party hereto to apply at the foot of this decree for any order necessary to carry the same into effect.

*Mr. Jas. S. Verner,* for appellant, cites: *Resulting trust:* 96 S. C., 393; 2 Story Eq. Jur., Sec. 1217; 36 S. C., 193; 2 S. C., 245; 19 S. C., 135; 46 S. C., 193; 51 S. C., 38; 52 S. C., 391; 52 S. C., 479; 88 S. C., 252; 93 S. C., 450. *A trustee will not be allowed to defeat the trust:* 100 S. C., 220; 32 S. C., 189; 42 S. C., 528; 24 S. C., 592; 112 S. C., 214; 2 McC. Eq., 149. *Estoppel as to grantee in quitclaim deed who subsequently acquired the fee:* 99 S. C., 265; 71 S. C., 67; 3 McC. Eq., 441; 17 S. C., 592; 26 S. C., 609; 25 S. C., 458; 9 Wall 617; 145 U. S., 560; 66 S. C., 363; 21 S. C., 55; 28 Ann. Cas., 1913-C 363; 43 S. C., 360; 93 S. C., 254; 13 Cyc., 653; 2 Bail., 269; McC. Eq., 157; 6 S. C., 29; 42 S. C., 348; 57 S. C., 507; 67 S. C., 432. *Construction of trust provision:* 112 S. C., 284; 84 S. C., 464; 75 S. C., 15. *Construction of Bryce Will;* 10 S. C., 354; 113 S. C., 217; 1 Strob. Eq., 114; 33 S. C., 175; 33 S. C., 404; 35 S. C., 61.

the possession of the property was held by Mrs. Elizabeth Rhea Cayce under the terms of her trust agreement until her death in 1875; that her executors then succeeded to the possession and then while so in possession themselves purchased the fee defeasible of John Campbell Bryce at the judicial sale in the case of *Hope v. Bryce.* They conveyed directly to Wilie Jones who knew of the trust. Wilie Jones conveyed to W. J. Cayce, and he conveyed to Lulu Cayce. W. J. Cayce was on the stand and testified. He did not claim that either he or his wife, Lulu Cayce, had made the improvements on the property but whether they did so or not they were only life tenants of the property and trustees to protect the remaindermen against any adverse claim. They were, therefore, not in position to assert a. claim within themselves based upon improvements made to the property. In the case of *Trimmier v. Darden,* 61 S. C., the rule recognized and said to be firmly established that a tenant for life who puts improvements on land is not entitled to compensation from the remaindermen. The case is much stronger where the tenant for life is not only such tenant but is a trustee to protect the rights of the remaindermen.

My conclusion, therefore, is that the special referee was correct in his conclusion that his findings of fact with reference to the claim of the defendant, Guignard, have nothing to do with the case. It is therefore ordered, adjudged and decreed (1) that the Clerk of the Court of Common Pleas for Lexington County do sell for partition the square acre of land described in the eighth paragraph of the complaint, to wit: 1 square acre bound on the north by right of way of the Southern Railway Company, on the west by the State road, south by lot of land conveyed by Wilie Jones to Mrs. Lizzie G. Cayce, for cash; that the proceeds of the sale, after the payment of the expenses of such sale and his commissions on such sale, he pay over five-sixths of the net proceeds to the plaintiff or its attorneys and that

he pay the remaining one-sixth to the defendant, Guignard, or his attorneys. This decree proceeds upon the theory that the defendant, Guignard, has in some way acquired the one-sixth interest under the will of John Bryce which did not pass to T. Hugh Meighan by the several deeds referred to in the master's report. If he has not acquired such interests and is not entitled thereto he will be bound to indemnify the purchaser at such sale from any claim on account of the owners of such undivided one-sixth interest.

As to the tract of land described in the 10th paragraph of the complaint, to wit, so much of the tract as lies north of the right of way of the Southern Railway Company bounded on the west by lands of Moseley, on the north by other lands of the defendant, Guignard, on the east by the Congaree River, and on the south by right of way of the Southern Railway Company.

It is alleged in the 10th paragraph of the complaint that R. W. G. Cayce, while in possession of the entire tract of land so purchased at foreclosure sale, conveyed to the defendant, G. A. Guignard, so much of the said tract of land as lies north of the said right of way of the Southern Railway Company, bounded as described in said paragraph. The defendant does not deny this allegation, but on the contrary expressly admits it.

Under the case of *Lupo v. True,* 16 S. C. page 585, it was not an issue for consideration by the referee, and it was not competent for the referee to find that Guignard was only in possession of so much of the land as was conveyed by R. W. G. Cayce to R. B. Cayce; Guignard, being in possession as trustee, is bound to make a full disclosure of the amount of land so possessed. There is no evidence before the Court to establish where the line lies dividing the tract described in the 10th paragraph of the complaint from Guignard's other lands. He is bound to disclose it.

*Messrs. Lyles & Lyles,* for respondent, cite:   *Where es-
tate is given in clear words, it will not be cut down by super-
added words unless testator's intention clearly appears:*   109
S. C., 422; 102 S. C., 11; 104 S. C., 44; 2 Alex. Wills, Sec.
966, p. 1404; L. Schouler Wills, Secs., 467, 490; 3 So., 618;
147 Mass., 613; 6 S. E., 480; 35 Atl., 582.   *Limited war-
ranty cannot be made basis of estoppel:*   16 Cyc., 692; 23
Am. Dec., 671; 35 S. C., 531; 40 Am. Rep., 595; 21 S.
C., 309; 82 S. C., 66; 39 Am. Dec., 334.   *No warranty
implied:*   27 S. C., 197.   *Purchasers from trustee suc-
ceeded to trust:*   2 Rich. Eq., 268; Rich. Eq., 154; 35 S.
C., 422; 100 S. C., 220.   *Allowance for improvements be-
tween tenants in common:*   24 S. C., 265; 26 S. C., 39;
28 S. C., 564.

May 22, 1923.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

The action is for the partition of two lots or tracts of
land in Lexington County.   The complaint alleges that the
plaintiff is the owner of a five-sixth interest in said lots
and that the defendant, G. A. Guignard, in possession, is
"supposed to be entitled to the remaining one-sixth."   The
defendant denies plaintiff's right to partition upon the
general grounds which will be hereinafter adverted to
From the decree of the Honorable Ernest Moore, circuit
Judge, sustaining the plaintiff's claim of title and right to
partition; and adjudging that the defendant account for
the rental value of the lands occupied by him for a cer-
tain period of time, the defendant appeals.

The facts deemed essential to the determination of the
first question which will be considered are these:   The
plaintiff acquired title from the devisees under the will
of T. Hugh Meighan.   T. Hugh Meighan acquired title
from five of six sisters, or their representatives, of John

Campbell Bryce, who with his said sisters, constituted six of the seven children of Campbell R. Bryce. Campbell R. Bryce was a son of John Bryce, by the terms of whose will the land from which these lots were carved was devised as follows:

(1) "To my grandson, John Campbell Bryce, and to his heirs, etc., should he die without issue then to go to his father (Campbell R. Bryce) and to his children precisely as the rest of my estate."

(2) "To my son, Campbell R. Bryce, * * * and to his children, the lawful heirs of his body, I give and bequeath all the rest and residue of my estate, real and personal, whatever kind I may die seized and possed of, * *. * to him and his children forever," etc.

John Campbell Bryce, to whom the land was devised in the language set out in the foregoing quotation, numbered 1, died without issue in 1915. His father, Campbell R. Bryce, died prior to 1875.

The plaintiff contends that John Campbell Bryce, under the will of John Bryce, took a fee, defeasible upon the contingency of his dying without issue, and that upon his death without issue in 1915 the fee-simple estate passed to and vested in his six sisters, the remaining children of Campbell R. Bryce, or their heirs and assigns, under the limitation that it was "then to go to his father (Campbell R. Bryce) and to his children precisely as the rest" of the John Bryce estate, which rest and residue were devised to "Campbell R. Bryce * * * and to his children, the lawful heirs of his body, * * * to him and his children forever." The defendant, as we understand, concurs in the view that the estate devised to John Campbell Bryce under the codicil 1 above was a fee defeasible as to six-sevenths thereof, but contends that by force of the limitation over "to Campbell R. Bryce and to his children," of whom John Campbell Bryce himself was one of seven, the said John Campbell Bryce took a one-seventh interest in

fee simple in the land so devised. The difference in the foregoing contentions presents, as we think, the point (exceptions 11, 12, 21, and 22) upon which the appeal turns.

We are clearly of the opinion that John Campbell Bryce did not take a one-seventh interest in fee simple in the land in question. In construing the provisions of this identical will in the case of *Simons v. Bryce,* 10 S. C., 354, this court, speaking through Mr. Justice McIver, said:

"The controlling rule in the construction of a will is the intention of the testator. Hence, if we can discover from the language of the testator what his intention was, we must construe the will in accordance with such intention, provided the same is not in violation of law."

Applying that fundamental rule to the construction of the clause of the will of John Bryce devising the rest and residue of his estate to his son, Campbell R. Bryce "and to his children, the lawful heirs of his body," etc., the court held in that case, *Simons v. Bryce, supra* that—

"The intention was that the son should take a life estate, with remainder to his children and their children."

It would seem even more clearly apparent that the intention of the testator in selecting and naming one of the children of his son, Campbell R. Bryce, viz: John Campbell Bryce, as the special object of his bounty to whom the land here in question was to be given, was wholly comprehended within the devise to him of the fee defeasible. It is well settled that—

"Where an estate is once given by words of clear and ascertained legal significance, it will neither be enlarged nor cut down by superadded words in the same or subsequent clauses of the will, unless they raise an irresistible inference that such was the intention of the testator." *Lawrence v. Burnett,* 109 S. C., 422; 96 S. E. 144. *Adams v. Verner,* 102 S. C., 11; 86 S. E., 211. *Burriss v. Burriss,* 104 S. C., 444; 89 S. E., 405; 2 Alexander on Wills. § 966; 1 Schouler on Wills; §§ 467, 490.

Having devised the land in words of clear and ascertained legal significance to John Campbell Bryce in fee defeasible, certainly the language here under consideration raises no irresistible inference that it was the intention of the testator to enlarge or add to the estate in fee defeasible by ingrafting thereon for the benefit of the taker of the defeasible fee a fee-simple absolute estate in an undivided part of the land through the devious method of a limitation over contingent on the death of the taker of the defeasible fee himself. On the contrary that such was not the testator's intention is the only conclusion consistent with the established principle that the two interests—a fee defeasible and an executory fee—are "successive and not concurrent." 1 Jarman on Wills (6th Ed.) 836; and see *Pearson v. Easterling,* 104 S. C., 178; 88 S. E. 376. Thus "where an executory fee descends to the person to whom a prior defeasible fee is limited, the former estate is not merged." 21 C. J. 1030, § 221; *Barnitz v. Casey,* 7 Cranch, 456; 3 L. Ed. 403. Hence, a construction that would require a merger in John Campbell Bryce of an executory interest in fee simple with his defeasible fee would involve an inherent contradiction in the terms of the will itself. It follows that, upon the death of John Campbell Bryce without issue in 1915, the executory interest in fee simple, limited upon the happening of that contingency, passed to and vested in the other children of Campbell R. Bryce entitled to take under the provision of that section of the will of John Bryce by which he devised the rest and residue of his estate to "Campbell R. Bryce and to his children." See *Simons v. Bryce, supra.* It appears not to be disputed that the plaintiff is the successor in interest grantee of those thus entitled to take as executory devises to the extent of five of six undivided shares in the land. If so, the plaintiff is the legal owner of a five-sixths undivided interest or share in the premises involved, and is entitled to partition and an accounting for rental value as decreed by the circuit court, unless debarred from asserting the title thus acquired, as de-

fendant alleges, by reason of the facts and circumstances to which attention will now be directed.

John Campbell Bryce mortgaged the 500 acres of land devised to him in fee defeasible. The mortgage was foreclosed and land sold by the Sheriff to R. W. G. Cayce and James Cayce in 1876. In October, 1892, R. W. G. Cayce and James Cayce conveyed 107 acres of this land to Wilie Jones, who was then cashier of the Carolina National Bank. In November, 1892, Jones executed a declaration of trust to the effect that he held the said premises in trust for the purpose of applying the net income and the net proceeds of sale to the payment of certain indebtedness of John N. Long to the Carolina National Bank, any residue remaining to be held for such persons as John N. Long might appoint, etc., and in default of such appointment then in trust for John N. Long and his heirs and assigns. In February, 1893, Wilie Jones conveyed one acre of this land to W. J. Cayce, the deed being in the usual statutory form, except that the warranty clause is "from and against me and my heirs." Defendant is the successor in interest by successive conveyances under this deed of Jones to W. J. Cayce and is now in possession, claiming in fee simple this one-acre tract. In February, 1899, Wilie Jones conveyed the eastern half of this 107-acre tract to R. G. Ross.

In August, 1900, the Carolina National Bank brought action against Wilie Jones and others to foreclose as a mortgage the deed executed by R. W. G. and James Cayce to Wilie Jones in trust for the payment of the debts of John N. Long to the bank, alleging that Jones had sold the eastern half of the tract to R. G. Ross and had applied the proceeds on Long's debt and praying that the remaining 53½ acres be sold for that purpose. Under a decree in that suit, dated September 24, 1900, the 53½ acres were sold and conveyed by a deed of the clerk of the court of Lexington county to the Carolina National Bank. The Carolina National Bank seems to have continued to recognize

the trust upon which the land had been held by its cashier,
Wilie Jones, and to have agreed that any amount derived
from said land after payment of the debts of John N. Long
should be applied in accordance with the declaration of trust
by Jones for the benefit of Long.  Thereafter the Carolina
National Bank sold 29½ acres out of the 53½ acres to the
Seaboard Air Line Railway Company, conveying by a deed
dated October 10, 1906.  The consideration in this deed
was expressed as $7,250, but for that consideration the Car-
olina National Bank was to procure and convey to the rail-
way company at least five of the outstanding interests of the
executory devises who would take under the will of John
Bryce upon the death of John Campbell Bryce without issue.
Thereafter, by a deed dated April 22, 1907, T. Hugh Meig-
han, for the expressed consideration of $500, conveyed to
the railway company the rights acquired by him from the
executory devisees under the will of John Bryce in and to
the 29½ acres, reciting in the deed that he had undertaken
to acquire and convey these rights to perfect the title which
the Carolina National Bank had previously contracted to
convey to the railway company in and to the said 29½
acres.  Between October 22, 1906, and April, 1907, T. Hugh
Meighan had acquired five of the six outstanding executory
interests in the 500 acres devised to John Campbell Bryce in
fee defeasible, paying therefor about $3,500.  On April 24,
1907, the Carolina National Bank, then the holder of the
title, John Campbell Bryce's defeasible fee, in the 53½ acres
less the 29½ acres which had been sold to the railroad, con-
veyed to T. Hugh Meighan, holder of the title to the ex-
ecutory interests, as aforesaid, 10 acres, a part of the 53½-
acre tract.  To this deed Meighan attached a written decla-
ration of trust that the title was held for the benefit of John
N. Long.  For their interest in this 10 acres the heirs at
law of John N. Long were afterward paid $1,500.  There-
after the title of the Carolina National Bank in all the re-
maining lands of this 53½-acre tract and also the title held

by T. Hugh Meighan in and to the interests of the executory devisees in the entire 500-acre tract, of which the 53½ acres was a part, were conveyed to the plaintiff, Cayce Land Company, the incorporators and officers of which company were fully conversant with the foregoing facts and all of whom were interested in or parties to the sale of the 29½ acres to the Seaboard Air Line Railway Company.

The appellant predicates his contention that the plaintiff has no title in the one-acre lot which it may lawfully assert as against the defendant, Guignard, upon three propositions thus stated by his counsel:

"First.  Upon a trust which he claims resulted from the fact that the purchase money used in procuring the remainder estates from the devisees of John Bryce came from the sale of 29½ acres of the 107 acres which Wilie Jones acknowledged he held upon trust to sell and pay the indebtedness of John N. Long to the Carolina National Bank and to convey the balance of the said lands, after the payments of the debts of the said Long to the said bank, to whomsoever the said Long might appoint by his last will.

"Second.  From an estoppel which the defendant claims arises from the fact that Wilie Jones, as trustee, made the defendant's grantor a fee-simple deed to the one acre sought to be partitioned and that the Carolina National Bank, which succeeded to the trust acknowledged by Wilie Jones, sold a part of the trust estate, to wit, 29½ acres thereof, and with the proceeds thereof purchased the outstanding remainder estates, title to which was taken in the name of T. Hugh Meighan, the plaintiff's grantor.

"Third.  That defendant also seeks to defeat the plaintiff's right to partition by showing that the plaintiff has no title in the lot which it seeks to have partitioned, because the money which was used in the purchase of the plaintiff's interest in said property was furnished by the Carolina National Bank out of funds which it held in trust for the heirs-at-law of John N. Long and not with the individual

funds of the plaintiff or of its grantee, T. Hugh Meighan."

As to these contentions, the circuit judge finds and holds as follows:

"That the funds paid for the purchase of the property in question from the remaindermen under the will of John Bryce were raised by T. Hugh Meighan individually for the benefit of himself, W. A. Clark, and Wm. H. Lyles, and that the defendant, Guignard, can claim no benefit by virtue of a trust resulting to the heirs-at-law of John N. Long. The referee in my opinion was correct in his conclusion that the only trust created by the declaration of Wilie Jones was for the benefit of Long and the Carolina National Bank, and that it applied only to the estate which was conveyed by R. W. Cayce and James Cayce to Wilie Jones. The subsequent sale to the Seaboard Air Line Railway Company clearly embraced not only the fee defeasible which was conveyed to Wilie Jones but the remainders under the will of John Bryce which were to be purchased before the Seaboard would take the property, and it cannot be said that the proceeds of sale to the Seaboard were proceeds only of the sale of the fee defeasible. The estate which is now claimed by the Cayce Land Company is no part of the fee defeasible which was conveyed by R. W. and James Cayce to Wilie Jones, but is an estate in remainder in succession to the fee defeasible so conveyed. The plaintiff does not claim through Wilie Jones or any conveyance made by him. Moreover the deed from Wilie Jones to W. J. Cayce contained only a limited warranty, that is against any act of himself or his heirs. This was a proper warranty when he held only a fee defeasible. It protected the purchaser against a judgment conveyance, or other act of Jones, impairing the fee defeasible conveyed to him, but it was not intended to, nor did it, protect the purchaser from any right outstanding at the time of the conveyance to Wilie Jones."

The Circuit Judge's finding of fact that the funds paid by
T. Hugh Meighan for the purchase of the interests of the
executory devisees were raised by him. individually cannot
be held to be contrary to the clear preponderance of the evi-
dence.    In that view, which excludes the inference that the
funds were a part of the proceeds of the sale of the fee
defeasible held by the Carolina National Bank in trust for
John N. Long, etc., no sufficient basis of fact would remain
for impressing these executory interests with either a result-
ing or constructive trust in the hands of the plaintiff, the
Cayce Land Company.    But, even if the lands were im-
pressed with a trust for the benefit of the heirs-at-law of
John N. Long, the legal title is in the Cayce Land Company,
the defendant, Guignard, sets up no title derived from John
N. Long, and the possible existence of an outstanding equit-
able title in others could not avail this defendant to defeat
the plaintiff's right to partition.    For the reasons stated and
for such others reasons as are indicated by the Circuit Judge,
all exceptions embraced within the appellant's first and third
contentions, as above set out, are overruled.

The appellant's position as to estoppel (second propo-
sition above stated) is likewise untenable.    If the
Cayce Land Company, as grantee under T. Hugh
Meighan, did not take the land—the interests in fee simple,
derived from the executory devisees under the John Bryce
will—impressed with the trust assumed, for the benefit of
John N. Long, by Wilie Jones as grantee of the defeasible
fee of John Campbell Bryce in the 107 acres, there is no
basis in fact for an estoppel by deed or in pais that would
avail the defendant, Guignard.    Since the Cayce Land Com-
pany does not claim through Jones or any conveyance made
by him, obviously, unless it can be made to stand in the shoes
of Jones by force of a constructive trust, it could not be
estopped by any deed made by Jones to the defendant or his
grantors.    The finding in effect by the Circuit Judge that
the plaintiff land company was not in fact the successor of

Wilie Jones as trustee for Long disposes of the question of estoppel. But even in the view that the plaintiff holds subject to the trust imposed upon Jones, we are inclined to concur in the opinion' of the Circuit Judge—although we deem it unnecessary expressly so to decide—that the plain.iff would not be estopped by the Jones deed, which conveyed the fee defeasible, with a limited warranty, from asserting as against the grantee of this defeasible fee the after acquired executory fee absolute. In the case of *Blackwell v. Harrelson,* 99 S. C., 265; 84 S. E., 233, Ann. Cas., 1916E, 1263, relied upon by appellant to support his contention as to estoppel, no trust was involved, and the grantor "conveyed with general warranty" his right and title, not then vested, in and to the estate of his mother, precisely referred to in the deed, which was afterward acquired under her will. The case at bar is clearly distinguishable. The exceptions directed to the contention that the defendant holds title by estoppel are therefore overruled.

The decree of the Circuit Judge satisfactorily disposes of such other points raised by the exceptions as are not specifically adverted to in the foregoing discussion.

It is accordingly adjudged that the decree of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.